■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE PAUL, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered January 28, 1974, upon verdicts convicting defendant of two counts of criminally selling a controlled substance in the third degree in violation of subdivision 1 of section 220.39 of the Penal Law and sentencing him to two consecutive indeterminate terms of imprisonment of seven years to life. On this appeal, the defendant makes numerous arguments, two of which have been previously rejected by this court. Thus, his challenge to the constitutionality of section 70.00 of the Penal Law, pursuant to which he was sentenced, has been found wanting (*People v. Venable*, 46 A D 2d 73), as has his complaint that the trial court should have directed the prosecution to produce police informant, Daniel Jerome Powell, as a witness (*People v. Fowler*, 46 A D 2d 838; *People v. Hood*, 46 A D 2d 837). His remaining contentions are also without merit. The court's refusal to grant a continuance to allow the defendant to produce Powell as a witness was within its discretionary power (*People v. Torre*, 33 A D 2d 43) which was properly exercised here where there was no showing that the defendant would be able to produce Powell or that his testimony would exculpate the defendant as claimed. Likewise, the chain of evidence with regard to the possession of the narcotics by the police was adequately established (cf. *People v. Connelly*, 35 N Y 2d 171), and the imposition of consecutive sentences was within the competence of the court (cf. *People v. Thiel*, 25 N Y 2d 926). As to the cross-examination of Trooper James Werthmuller and Investigator Michael Elliot, there was no showing that the limitations placed thereon by the trial court prejudiced the defendant. Finally, the defendant's former status as a police informant, to which the prosecutor alluded in his summation when questioning whether the defendant was worthy of belief, was brought out on direct examination by the defendant's own attorney who made no objection to the prosecutor's remarks at trial. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.