■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP A. MALLETTE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered April 19, 1974, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a dangerous drug in the third degree. It appears that, on May 22, 1973 at about 3:20 A.M., defendant's car was stopped by a police officer for a traffic check, and because of certain information received by the police that a pot party was in progress at the address from which the arresting officer observed the defendant leave. A pipe with an odor of marijuana and plastic bags containing six and one-half ounces of marijuana were found in defendant's car and after the motion to suppress them was denied, defendant entered his plea of guilty. We are asked to determine on this appeal whether the stopping of defendant's vehicle on May 22, 1973 was an illegal seizure, thereby mandating that the physical evidence seized as a consequence be suppressed and the conviction be reversed. On April 1, 1975 the Court of Appeals announced that although section 390 of the Vehicle and Traffic Law has been read as authorizing stops for "routine traffic checks" without further elaboration, that section may not be read to authorize a stop which is arbitrary, and without justification or excuse under the guise of a "routine traffic check"; that an arbitrary stop of a single automobile for a purportedly "routine traffic check" is impermissible unless the police officer reasonably suspects a violation of the Vehicle and Traffic Law. *(People v Ingle,* 36 NY2d 413.) It is noted that under the rationale of *Ingle* all that is required is that the stop be not the product of *mere whim,* caprice, or idle curiosity. While the constitutional standards enunciated in *Ingle* may be found to have been met under the facts here present, we determine only that they should not be applied retroactively. The issue of retroactive application of the *Ingle* decision was directly presented in *People v Simone* (48 AD2d 497, 499), wherein the court stated: "In *Stovall v Denno* (388 U.S. 297, 298 [1967]) the United States Supreme Court noted that new principles in criminal law should be given retroactive application only when they affect the most critical element of justice, viz., the truth-determining process. * * * Thus, errors impinging upon the basic question of whether the defendant is guilty are eminently susceptible of correction retroactively. In the instant matter, we are initially and solely concerned with whether the defendant is shielded from conviction because the police power purportedly violated some constitutional right of the accused in obtaining the evidence against him." It is clear that prior to *Ingle* the police justifiably relied entirely upon the apparent authority afforded by section 390 of the Vehicle and Traffic Law to stop any car on a public highway for a check of license and registration. To sanction retroactive application of the *Ingle* standard could well result in the release of persons who were stopped by police officers acting within their authority, as they were given to understand that authority, by the Legislature and the courts up to April 1, 1975. We conclude that, since the standard enunciated in *Ingle* has no relation to the "truth-determining process", and does not in any way involve the question of whether the

defendant is in fact guilty of the criminal offense, it should not be applied retroactively. *(People v Simone, supra,* and cases cited therein.) Judgment affirmed. Herlihy, P. J., Greenblott, Sweeney, Koreman and Reynolds, JJ., concur.