◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE TAYLOR, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered February 4, 1975, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (Penal Law, § 220.39). There is evidence in the instant record upon which the jury could determine guilt beyond a reasonable doubt, and we find no basis to disturb that decision especially as it is in great part dependent on judgments of credibility *(People v Regina,* 19 NY2d 65). Nor can we agree that the cross-examination of the defendant was impermissible or was conducted in bad faith. Before the defendant took the witness stand the trial court, pursuant to *People v Sandoval* (34 NY2d 371), enjoined cross-examination concerning defendant's prior criminal acts involving drug related offenses. On cross-examination the prosecuting attorney questioned defendant briefly as to whether when he was arrested in August, 1974 pursuant to a sealed indictment filed August 2, 1974 charging him with the March 15, 1974 sale here involved, he was found to be in possession of heroin. Thus, the cross-examination focused only on an incident which occurred some five months after the alleged sale involved and after the indictment and thus was not in violation of either the trial court's exclusion nor the guidelines announced in *People v Sandoval (supra).* Moreover, when this questioning took place defendant's only objection was that it was "irrelevant" and not on the basis here asserted. In this case the trial court, therefore, could properly determine that the questioning was within proper limitation for testing his credibility. Finally, there is no constitutional infirmity in the imposition of the mandatory maximum sentence *(People v Broadie,* 37 NY2d

100), nor is the minimum sentence imposed excessive *(People v Paul,* 46 AD2d 838). Judgment affirmed. Herlihy, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.