■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARC DEARSTYNE, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered September 27, 1974, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the seventh degree, and criminally possessing a hypodermic instrument. Defendant's principal claim on this appeal is that he was the victim of an illegal search and seizure within the meaning of the Fourth Amendment to the United States Constitution. The testimony of Trooper Wood at the suppression hearing was that while on patrol duty in the Town of East Greenbush in Rensselaer County, on November 21, 1973 at 3:00 A.M., he observed a motor vehicle proceeding south on Route 4. On direct examination he testified that he stopped the car because "it was going very slowly at the time and appeared to be operating a little bit erratic". On cross-examination, he amplified this description by testifying that the car "was going very slow, short, jerky movements". The trooper testified that he suspected that the driver may have been intoxicated because the car was observed just after the bars had closed. The vehicle, driven by the defendant, was pulled over and a clear plastic bag containing marijuana was observed in the ashtray. After the arrest of the defendant and a passenger, a vial containing several tablets alleged to be LSD was found on defendant and a needle, syringe and a quantity of alleged methamphetamine was found in the car. Trooper Wood's testimony was substantially the same at the suppression hearing and the trial. Defendant contends that the stopping of his car was an impermissible "routine traffic check" within the meaning of *People v Ingle* (36 NY2d 413). This court has, in a very recent decision, held that *Ingle* is not retroactive *(People v Mallette,* 50 AD2d 654). Even if we were to apply *Ingle* to the facts of this case, however, we would reach the same conclusion. This case is clearly distinguishable from a case in which the officer admitted that "he had had no reason to stop defendant other

than to conduct a 'routine traffic check'" *(People v Ingle, supra,* p 420). As stated by the United States Supreme Court, all that is necessary is that the stop be based upon "specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant [the] intrusion" *(Terry v Ohio,* 392 US 1, 21. See, also, *People v Cantor,* 36 NY2d 106). In this case the unusual behavior of the car constituted sufficiently "specific and articulable facts" from which the officer's suspicion that the driver may have been intoxicated was a "rational inference" justifying the stop. The Trial Judge properly denied the motion to suppress the evidence *(People v Chestnut,* 43 AD2d 260, affd 36 NY2d 971). We also find defendant's further arguments to be without merit. Although it appears that as to the first count of the indictment the Assistant District Attorney did read a different subdivision (Penal Law, § 220.16, subd 6) to the Grand Jury than the one for which defendant was indicted (Penal Law, § 220.16, subd 9), in view of the fact that there was sufficient evidence to sustain this count we fail to see how this fact impaired the integrity of the proceeding or prejudiced the defendant (CPL 210.35, subd 5). The defendant was given a minimum sentence of four years, or less than half the authorized minimum for a Class A-III felony. Our examination of this record has uncovered no reason to disturb this sentence *(People v Caputo,* 13 AD2d 861). Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.