■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT N. MIDDLETON, Appellant.—Appeal from a judgment of the County Court of Warren County, rendered June 10, 1975, convicting defendant, upon his plea of guilty, of the crime of grand larceny in the third degree in violation of subdivision 1 of section 155.30 of the Penal Law. Defendant urges the reversal of his conviction upon two separate grounds. The first is that the actions of police officers in stopping his vehicle at the time of his initial apprehension were arbitrary and unreasonable and, thus, the subsequent warrantless search of his vehicle and the seizure of evidence therefrom was illegal. Secondly, he contends that his resulting confession should have been suppressed on the grounds of denial of counsel, involuntariness and unnecessary delay in arraignment. At approximately 4:30 A.M. on February 12, 1975 defendant was operating a borrowed automobile, without headlights, along a public highway in the Town of Queensbury, Warren County. This attracted the attention of State Police officers on routine patrol who stopped defendant and requested the production of the vehicle registration and his operator's license. Defendant was unable to produce the registration, stating that

the car had been loaned to him by one Archambault. He also falsely identified himself as Robert Jarvis and informed the officer that he did not have his operator's license with him. An insurance certificate present in the vehicle indicated that it was owned by Archambault. A computer inquiry by the officer revealed that no valid operator's license had been issued to a Robert Jarvis, and that the vehicle defendant was operating had not been reported stolen. Defendant was thereupon issued a summons for operating a vehicle without a license; a tow truck was called; an officer locked and secured the vehicle and defendant was removed to the Glens Falls Police Station. Shortly thereafter other police officers returned to the vehicle, inventoried its contents, and discovered bags of money and other items which plainly suggested they were the property of the Glens Falls Country Club. At about 7:00 A.M. the State Police were informed by Archambault that he had, in fact, loaned his automobile to defendant and his passenger. An hour later they received a report of a burglary at the country club and it was quickly concluded that the articles found in the Archambault vehicle were the proceeds of that burglary. At 9:00 A.M. defendant was arrested for burglary, taken to the South Glens Falls State Police substation for questioning and, about three hours thereafter, executed a written confession admitting his participation in that burglary. Arrangements were completed for his arraignment and he appeared before the Justice Court of the Town of Queensbury at 3:00 P.M. at which time counsel was assigned. In considering defendant's arguments on this appeal, we note that the initial stopping of the automobile by the police officers at the time it was being operated without headlights upon a public highway was completely proper *(People v Denti,* 44 AD2d 44; Vehicle and Traffic Law, § 375, subd 2, par [a]). Furthermore, their actions would, in this case, be proper even under the stringent standards set forth in *People v Ingle* (36 NY2d 413), but held not retroactive by this court in *People v Mallette* (50 AD2d 654). Secondly, the police officers were, under the circumstances of this case, authorized to, and in fact did, secure the vehicle in question and make an inventory of the contents thereof. The fact that this was done just prior to its being towed away, and not immediately thereafter, is of no moment in this situation *(People v Sullivan,* 29 NY2d 69). We are dealing not with an unreasonable search, but with a proper and prudent inventory of a vehicle and, accordingly, any contraband thereby obtained could be used as evidence against defendant in a subsequent criminal prosecution *(People v Butler,* 44 AD2d 423, affd 36 NY2d 990; *People v Robinson,* 36 AD2d 375). Finally, we will not upset the findings of the trial court that defendant's confession was not the product of any threats or duress, but was purely voluntary in nature. These determinations, largely based upon issues of credibility, should not be disturbed *(People v Garafolo,* 44 AD2d 86). Nor do we find any merit in defendant's claim of unnecessary delay in arraignment *(People v Carbonaro,* 21 NY2d 271; *People v Zakrzewski,* 36 AD2d 646). Judgment affirmed. Herlihy, P. J., Kane, Koreman, Larkin and Reynolds, JJ., concur.