■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD L. WARNER, JR., Appellant.—Appeal from a judgment of the County Court of Fulton County, rendered March 14, 1975, upon a verdict convicting defendant of rape in the first degree. The defendant, an acquaintence of the 15-year-old victim, had driven her at her request to her dentist. When she left the dentist's office, the defendant, who had been waiting outside, offered her a ride to her school. Upon her acceptance, he made a detour and took her to

an isolated area where he raped her. After the incident, the defendant took her to school where she immediately reported the occurrence. The defendant was arrested several hours later. An analysis of the underpants and jeans taken from him at this time revealed seminal stains and spermatozoa. On this appeal defendant raises three issues: (1) that he was prejudiced by the court's ruling as to the admissibility for impeachment purposes of his prior misconduct; (2) that his jeans and underpants were improperly admitted into evidence; and (3) that the sentence was unduly harsh and excessive. At the conclusion of the People's case, a *Sandoval* hearing was held in the court's chambers *(People v Sandoval,* 34 NY2d 371). The District Attorney sought to inquire into the underlying acts of three youthful offender adjudications of the defendant. The court precluded one incident because of the defendant's age at the time, but ruled that the two more recent instances might be utilized for impeachment. It is impermissible to impeach the credibility of a witness by proof of prior youthful offender adjudications because they are not criminal convictions (CPL 720.35, subd 1). It is, however, permissible to utilize the facts and circumstances underlying the adjudication to impeach the credibility of a witness *(People v Cook,* 37 NY2d 591; *People v Vidal,* 26 NY2d 249). The underlying facts which the trial court held admissible for impeachment purposes involved a conspiracy to rob a woman's handbag and an attempt to coerce money from a youngster. The record supports a conclusion that the Trial Judge acted in accordance with the principles enunciated in *Cook* and *Vidal.* There was no objection to the court's ruling in this regard by the defendant. Defendant also contends that the admission of the underpants and jeans which he was wearing at the time of the arrest, some six hours after the rape, was error. There was no testimony that the seminal stained garments were the same ones that he was wearing at the time the rape took place, but the victim did testify that the defendant was wearing jeans at the time of the incident. "Generally speaking, all that is necessary is that the evidence have relevance, that it tend to convince that the fact sought to be established is so. That it is equivocal or that it is consistent with suppositions other than guilt does not render it inadmissible" *(People v Yazum,* 13 NY2d 302, 304). Any evidence which is helpful in getting at the truth of the material issue is relevant even though it is only a link in the chain of facts which must be proved to make the proposition at issue appear more or less probable (Wharton, Criminal Evidence [13th ed], § 151). It is within the discretion of the trial court to determine relevance as is the determination of remoteness of the evidence *(People v Feldman,* 299 NY 153). In the instant case the trial court determined that the evidence was not seized at a time too remote for it to be probative. On the facts of the instant case, we agree with the trial court's determination. Defendant's final contention is that his indeterminate sentence up to a maximum of 10 years was unduly harsh and excessive. A maximum of up to 25 years imprisonment is authorized by statute for rape in the first degree (Penal Law, § 70.00, subd 2, par [b]). The determination as to what constitutes an appropriate sentence is a matter resting within the sound discretion of the trial court and the sentence imposed should not be reduced on appeal unless there is a clear abuse of that discretion *(People v Junco,* 43 AD2d 266). The sentence imposed herein was well within the maximum allowed by statute, was not unduly harsh and cannot be viewed as an abuse of discretion. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.