## THIRD DEPARTMENT, JUNE, 1976

### (June 3, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEOFFREY LAWRENCE, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered February 24, 1975, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree in violation of section 220.09 of the Penal Law. On this appeal defendant contends that the search of his person and the subsequent warrantless search of his vehicle were both unlawful, that the seizure of evidence therefrom was illegal, and that the evidence should have been suppressed. On the night of August 23, 1974, a police officer in the City of Plattsburgh observed the defendant operating a motor vehicle which was weaving and veering from the right to the left side of a two-lane road. The officer pursued the defendant into a service station, approached him and identified himself. When the defendant became loud and argumentative, and the officer detected an odor of alcohol, and after observing his other actions, he was placed under arrest for driving while intoxicated. Two other police officers arrived on the scene and took the defendant to the State Police Barracks for the purpose of administering a breathalyzer test, the results of which indicated a low level of alcoholic content. Thereafter, the defendant was returned to the Plattsburgh Police Headquarters where he was "strip searched" prior to being placed in a detention cell, and marijuana was found on his person in the course of this routine search. The police had the defendant's vehicle towed to a parking area adjacent to police headquarters, and, immediately following defendant's incarceration, a police officer proceeded to defendant's car, inventoried its contents, and discovered two bags of marijuana in the trunk of the vehicle. Contrary to defendant's argument, the results of the breathalyzer test showing less than .05 of 1% by weight of alcohol in the blood do not establish conclusively that the defendant was innocent of the charge of driving while intoxicated. It is merely prima facie evidence that defendant's ability was not impaired and that he was not intoxicated (Vehicle and Traffic Law, § 1195, subd 2, par [a]). Since, therefore, the lawful arrest continued, the search of defendant's person was proper as one incident to a lawful arrest and made prior to a lawful

detention *(People v Troiano,* 35 NY2d 476; *People v Perel,* 34 NY2d 462). As to the claimed warrantless search of defendant's vehicle, we are dealing not with an unreasonable search, but with a proper and prudent inventory of a vehicle and, accordingly, any contraband thereby obtained could be used as evidence against defendant in a subsequent criminal prosecution *(People v Middleton,* 50 AD2d 1040; *People v Butler,* 44 AD2d 423, affd 36 NY2d 990; *People v Robinson,* 36 AD2d 375). Judgment affirmed. Koreman, P. J., Greenblott, Kane, Herlihy and Reynolds, JJ., concur.