■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITHA C. SOVIE, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered November 24, 1975, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the sixth degree. While on routine patrol in the early morning hours of November 16, 1974, Patrolman Corrice, the arresting officer, observed a vehicle proceeding back and forth from one lane to another as it traveled down Ford Street in the City of Ogdensburg. The officer followed the vehicle to a point where it pulled up in front of a tavern. In attempting to park, the driver of the vehicle backed into the patrol car which had pulled up behind him. The officer ordered the driver from the car and asked for his license and registration. The officer testified that when the driver opened the door of his car he saw a cloud of smoke come out of the car and that he smelled an odor that he believed to be marijuana. He testified further that while he was conversing with the driver who was trying to find his driver's license and registration, he observed the defendant Keitha Sovie who was sitting in the middle of the front seat of the car, reach down and pick up a plastic bag containing a greenish substance, and that she attempted to conceal the bag under her blouse. The officer then reached into the car, grabbed Keitha Sovie's arm, and confiscated the bag which was shown by later tests to contain marijuana. The five occupants of the car were placed under arrest and charged with criminal possession of a controlled substance in the sixth degree, and the driver was also arrested for driving while intoxicated. It is unclear from the testimony whether the driver was arrested for driving while intoxicated before or after the seizure of the marijuana. The testimony of Keitha Sovie's codefendants and that of a bystander witness contradicts the testimony of the arresting officer in certain respects. The primary conflict concerns the exact position, in relation to the vehicle, where the arresting officer was standing when he claims he saw her reach down and pick up the plastic bag. He testified that he was standing by the door on the driver's side of the car. The other witnesses testified that the officer was standing by the rear bumper of the vehicle while he was talking to the driver and inspecting his license and registration, implying that the officer could not have seen the defendant pick up something from the floor of the car at the time he said he did. However, the defense offered no proof to contradict the officer's testimony that he did in fact observe defendant pick up the bag from the floor in the front seat of the car. There is no evidence that the officer employed any other means to locate and seize the contraband, nor that it was anywhere but in defendant's hand when he reached in the car and grabbed it. Thus, the only version of the facts before the jury, concerning the seizure of the contraband, was that of the arresting officer. At the close of the proof, and before submitting the case to the jury,

the trial court, on motion, dismissed the indictments against all defendants except Keitha Sovie. Defendant contends that her right to be free from unreasonable searches and seizures was violated when the police officer searched the automobile without probable cause to do so. She also contends that she was denied a fair trial because the dismissal of the indictments against her codefendants was prejudicial as to her since it suggested to the jury that the codefendants were not guilty while she was guilty of the crime charged. There can be no doubt that the vehicle in question was stopped lawfully and for a justifiable reason. As we stated in *People v Dearstyne* (50 AD2d 1029, 1030), "all that is necessary is that the stop be based upon 'specific and articulable facts which, when taken together with rational inferences from those facts, reasonably warrant [the] intrusion' *(Terry v Ohio,* 392 US 1, 21. See also, *People v Cantor,* 36 NY2d 106)." The testimony of the arresting officer as to the erratic manner in which the car was being operated constituted sufficiently "specific and articulable facts" from which the officer's suspicion that the driver may have been intoxicated was a "rational inference" justifying the stop. Under the established facts, as disclosed by this record, we conclude that the taking of the contraband by the police officer was not a wrongful seizure. It is well settled that a warrantless seizure of evidence may properly be made when the police officer, who was rightfully there, inadvertently comes upon such evidence which is in his plain view *(Coolidge v New Hampshire,* 403 US 443; *Harris v United States,* 390 US 234; *People v Rowell,* 27 NY2d 691). There can be no question of the arresting officer's right to be where he was when the contraband came into his plain view, nor is there any evidence to contradict the officer's testimony that he caught sight of the bag containing marijuana inadvertently while he was standing with the driver of the vehicle inspecting his license and registration. In our view, under the facts of this case, the trial court correctly relied on the "plain view" doctrine in concluding that the seizure was proper. We are not persuaded by defendant's additional argument that she was denied a fair trial due to the dismissal of the indictments against her four codefendants. The record discloses that her counsel made no protest to the trial court's rulings, but simply requested that the jury be instructed as to their effect on its deliberations. Acceding to that request, and prior to the formal charge, the court cautioned the jury not to consider the dismissal of these indictments as having any bearing on the guilt or innocence of defendant Keitha Sovie. The claim that she was denied a fair trial was raised for the first time on the motion to set aside the jury's verdict. Since, therefore, no protest or objection was made at a time when the trial court had an opportunity of effectively changing its ruling, as required by CPL 470.05 (subd 2), the question of whether there was a denial of a fair trial has not been preserved for appeal. Consequently, in the absence of a timely protest, the conviction may be reversed only if the procedure followed by the trial court is at such variance with lawful procedure that " 'the entire trial [was] irreparably tainted' *(People v Patterson,* 39 NY2d 288, [296]) or 'as a matter of discretion in the interests of justice' (CPL 470.15, subd 3, par [c])" *(People v Musolino,* 54 AD2d 22). Neither of these tests is applicable here. The trial court clearly and sufficiently cautioned the jury concerning the effect of the dismissals of the other indictments. The warning related directly and specifically to the dismissals and was given immediately following the court's rulings. Thereafter, the court again repeated the same warning to the jury in the course of the general charge. We find no prejudice resulting to defendant by the

dismissal of the charges against her codefendants, and no basis for her claim that she was denied a fair trial. Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Mahoney and Reynolds, JJ., concur.