■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES T. COLEMAN, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered November 25, 1975, upon a verdict convicting defendant of the crime of assault in the first degree. Following the trial of an indictment charging the defendant with attempted murder in the second degree, he was convicted of assault in the first degree and sentenced to an indeterminate term of imprisonment not to exceed seven and one-half years. The conviction arises out of an incident involving the shooting of one Willie T. Coley, Jr., on April 26, 1975. On this appeal the defendant contends that since the prosecution offered no proof to show that the gun was in substantially the same condition as at the time of the shooting, the trial court was in error in permitting the gun to be admitted into evidence. The defendant argues that the court also erred in permitting testimony by the ballistics expert as to the number of times the trigger of the gun was pulled or

clicked since there was no direct evidence to show that the gun was in the same condition when discovered by the police two days after the shooting as it was at the time of the shooting. Additionally, it is contended that the trial court's instructions to the jury were improper and insufficient, that the verdict is against the weight of the evidence, and that the sentence was harsh and excessive. In our view, the gun was properly admitted into evidence to show its condition at the time of the shooting. "Evidence of a subsequent condition is * * * admissible to show the existence of the condition at the time in issue, provided the facts of the case permit an inference of the prior condition from proof of the subsequent one. Whether such inference may be drawn depends upon the interval of time involved, the nature of the condition and the surrounding circumstances" (Richardson, Evidence [10th ed], § 193; see, also, *Peil v Reinhart,* 127 NY 381, 385). The record establishes that the gun admitted into evidence was the one that fired the bullet that wounded the victim; that it was found exactly where the defendant had placed it after the shooting, and, except for the defendant's testimony that the cylinder had fallen out, there is no evidence that the gun had been tampered with. Thus, since it appears that the connection between the gun and the defendant "is not so tenuous as to be improbable, it is admissible as is any other evidence which is relevant to an issue in the prosecution." *(People v Mirenda,* 23 NY2d 439, 453.) The absence of direct proof that the gun was in substantially the same condition as at the time of the shooting goes to the weight of the evidence and not to its admissibility *(People v Neufeld,* 165 NY 43). Similarly, we find no merit to defendant's contention that the ballistics expert should not have been permitted to testify as to the number of times the gun had been fired based upon his inspection of the gun made two days after the shooting. The fact that the People did not prove conclusively that there was no change in the condition of the gun from the time it was fired did not render the expert's testimony inadmissible (see *Linsday v People,* 63 NY 143, 156). As this court recently stated: "Any evidence which is helpful in getting at the truth of the material issue is relevant even though it is only a link in the chain of facts which must be proved to make the proposition at issue appear more or less probable (Wharton, Criminal Evidence [13th ed], § 151). It is within the discretion of the trial court to determine relevance as is the determination of remoteness of the evidence *(People v Feldman,* 299 NY 153)." *(People v Warner,* 52 AD2d 684, 685.) On the facts of the instant case, we agree with the trial court's determination of relevancy and admissibility of the testimony of the ballistics expert. The sentence imposed herein was well within the maximum allowed by statute, was not unduly harsh and cannot be viewed as an abuse of discretion. Thus, we may not disturb it *(People v Dingley,* 50 AD2d 361). The other arguments advanced by the defendant are insubstantial and do not require discussion. Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.