THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ABRAMOWITZ, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered December 3, 1976, convicting defendant on his plea of guilty of the crime of possession of a controlled substance in the seventh degree. On April 9, 1975, New York State Trooper Leonard Kasson received a radio communication concerning a car being operated in an erratic manner heading east on Route 28. Trooper Kasson followed the car and observed it weaving in and out of traffic before it turned off Route 28 on to a ramp leading to Route 209 in a northbound direction. Kasson pulled the car to the side of the road, whereupon the driver, Steven Abramowitz, exited, staggering as he approached Kasson's car. Kasson then told Abramowitz that he was under arrest for driving while impaired. The trooper then walked the defendant back to his car where he observed a brown leather bag behind the driver's seat. Kasson searched the bag and found nothing. Troopers Malloy and Leege arrived at the scene and were advised by Kasson

that Abramowitz was under arrest. They searched the defendant and found a silver snuff box containing some green and black capsules, some white pills and white powder. Trooper Malloy searched the leather bag again and found an aluminum packet which contained some white powder. The troopers then took the defendant's car back to the barracks where another search of the leather bag was conducted and a blotter-type paper with 90 brown spots on it was found. Abramowitz and his passenger were arrested for possession of L.S.D. Eventually a search warrant was obtained for the Abramowitz car where marijuana was found. It was this marijuana that Abramowitz pleaded guilty to possessing. After a hearing, the court denied a motion to suppress the substances seized at the time of the defendant's arrest and later seized pursuant to a search warrant. The defendant then pleaded guilty to one count of seventh degree possession (Penal Law, § 220.03) in full satisfaction of the indictment. The sole issue on this appeal is whether the information upon which the search warrant was based and pursuant to which the marijuana was seized, was the product of unlawful searches and therefore inadmissible under the fruit of the poisonous tree doctrine. At the outset we hold that the stop of the vehicle was justifiable under the test set forth by the Court of Appeals in *People v Ingle* (36 NY2d 413). The court said (p 420): "All that is required is that the stop be not the product of mere whim, caprice, or idle curiosity. It is enough if the stop is based upon 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion' *(Terry v Ohio,* 392 US 1,21 * * *)." The testimony of Kasson of the erratic manner in which the defendant's car was being operated constituted reasonably sufficient "specific and articulable facts" from which the trooper's suspicion that the driver was driving while impaired could be reasonably inferred *(People v Sovie,* 54 AD2d 784, 785; *People v Dearstyne,* 50 AD2d 1029). The next question is whether the warrantless search of the person of Abramowitz and the leather bag in his car, without his consent, was constitutionally permissible. A search may be conducted without a warrant only under a few specially established and well-delineated circumstances *(Katz v United States,* 389 US 347, 357; *People v Singleteary,* 35 NY2d 528, 531-532). One such situation is a search incident to an arrest *(Chimel v California,* 395 US 752, 762-763; *Agnello v United States,* 269 US 20, 30). While this exception to the warrant rule was limited somewhat by *People v Marsh* (20 NY2d 98) and *People v Adams* (32 NY2d 451), these cases were also limited in their application in *People v Troiano* (35 NY2d 476) where the Court of Appeals stated (p 478): "There is, perhaps, an area of traffic violation "arrest" where a full-blown search is not justified, but it might seem to be confined to a situation where an arrest was not necessary because an alternative summons was available or because the arrest was a suspect pretext [citations omitted]" (accord *People v Copeland,* 39 NY2d 986). Accordingly, this court has held that when one is arrested for driving while intoxicated he may be searched *(People v Lawrence,* 53 AD2d 705). Furthermore, the decision of *United States v Robinson* (414 US 218) found it to be permissible under the Federal Constitution to make a search of the person pursuant to a traffic violation and undermined any Federal constitutional reasons for the holdings in *Marsh* (see *People v Weintraub,* 35 NY2d 351). The final question then remains as to whether there was a valid arrest pursuant to which a valid search of the defendant's person ensued. Trooper Kasson's testimony that he observed defendant's vehicle weaving back and forth across the eastbound lanes of Route 28 together with his observation that the defendant staggered toward the police car when he emerged from his vehicle

constitutes probable cause for the arrest for driving while ability is impaired. Since the arrest was valid, it justified the incidental search of the defendant's person *(People v Lawrence,* 53 AD2d 705, *supra).* And, the discovery of pills upon the defendant's person provided independent probable cause for the search of the defendant's vehicle *(People v Sauger,* 58 AD2d 919; *People v Mangan,* 55 AD2d 247, 249). Judgment affirmed. Koreman, P. J., Greenblott, Sweeney, Mahoney and Main, JJ., concur.