■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK HENRY DAURY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered January 5, 1976, upon a verdict convicting defendant of the crime of manslaughter in the second degree. The only issues raised on this appeal are (1) whether defendant made a knowing and intelligent waiver of his rights against self-incrimination; (2) whether the police questioned defendant after he had requested counsel; and (3) whether his confession was voluntary and the product of a rational intellect and a free will. We must affirm. The record supports the factual findings of the trial court upon the motion to suppress that at no time had the defendant requested an attorney be present to represent him prior to police interrogation after his voluntary surrender and that his oral and written statements were freely and voluntarily made subsequent to proper *Miranda* warnings. All of the issues raised by the defendant turn largely upon questions of credibility and we find no reason to disturb the factual determinations made against him since they are supported by proof beyond a reasonable doubt *(People v Yukl,* 25 NY2d 585, 588; *People v Middleton,* 50 AD2d 1040). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.

■ NOLAN & HELLER, Respondent, v ELIAS WEIS, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 17, 1976 in Albany County, which granted plaintiff's motion for summary judgment. This action was brought by plaintiff law firm to recover for legal services. The verified complaint sets forth two causes of action, one for professional services rendered and the second for an account stated. The answer contained a general denial. The record reveals that defendant admits that legal services were performed, and that he received statements over a two-year period and made no complaint. The record also reveals that defendant, during the period in question, made two $500 payments which were reflected in subsequent statements. Special Term granted summary judgment to plaintiff and this appeal ensued. Examination of the record clearly demonstrates that plaintiff made out a prima facie case. It was, therefore, incumbent on defendant to lay bare his proof in order to establish a defense to the action *(Di Sabato v Soffes,* 9 AD2d 297). This he failed to do. The order should be affirmed *(Steingart Assoc. v Sandler,* 28 AD2d 801). Order affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.