■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL O'CONNOR, Appellant.—Appeal by defendant from two judgments of the Supreme Court, Richmond County, both rendered January 28, 1976, the first convicting him of robbery in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of from 11 years to 22 years, and the second convicting him of robbery in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of from 6 years to 12 years, the sentences to run consecutively. Judgments affirmed. We have carefully reviewed the record and have determined that the jury verdicts before us for review were proper. As to

the sentences, the record reveals that under the first indictment (Indictment No. 117/75) defendant was found guilty by a jury of robbery in the first degree for the forcible stealing at gunpoint of money and drugs from a pharmacy on Staten Island on the evening of December 21, 1974. Under the second indictment (Indictment No. 65/75), and after a separate jury trial, defendant was again found guilty, this time of robbery in the second degree, for the forcible stealing of money and drugs at gunpoint from another Staten Island pharmacy on December 23, 1974. Three other indictments, each also involving the holdup of a pharmacy on Staten Island at gunpoint, were dismissed at time of sentencing. The probation report indicates that from February 19, 1954 to March 31, 1975, defendant was arrested a total of 19 times for other offenses, some of which included charges of robbery, burglary, grand larceny, and criminal possession of a weapon. His prior convictions included one for attempted robbery in the third degree, another for unlawful entry and two convictions for petit larceny. Since defendant was convicted under separate indictments for two unrelated robberies, the imposition of consecutive sentences was within the competence of the trial court (see Penal Law, § 70.25, subds 1, 2; *People v Paul,* 46 AD2d 838). Furthermore, upon the trial record of each case, and the probation report, which accurately portray the defendant as an antisocial habitual criminal with a propensity towards committing crimes with the use of dangerous weapons, it cannot be said that the imposition by the trial court of consecutive sentences of 11 to 22 years on the first degree robbery conviction, and 6 to 12 years on the second degree robbery conviction was unwarranted. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.