■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN J. MACDONALD, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered October 14, 1976, upon a verdict convicting defendant of the crimes of murder in the second degree, two counts, and robbery in the first degree. On April 18, 1975 defendant was arrested for operating an unregistered vehicle, driving a motor vehicle without an operator's license, and operating that vehicle without the requisite proof of financial security. The propriety of that arrest is not challenged on this appeal. At the time the police also knew that defendant had been a patron of "Bunky's Tavern" during the late evening hours of April 14, 1975 when its 78-year-old proprietor, Harold J. "Bunky" Phillips, was killed. Defendant was a definite suspect in that homicide. Following his arrest, defendant was taken to police headquarters, given *Miranda* warnings, and made various incriminating statements. In the meantime, his motor vehicle was driven to the police garage by another officer who, upon entry, noticed a pair of work boots which appeared to have bloodstains on them. A search warrant, later determined to be invalid, was obtained and the boots were seized along with some other items. On August 29, 1975 defendant was arrested upon an indictment charging him with two counts of murder in the second degree, intentional murder and felony murder, and one count of robbery in the first degree. He was thereafter tried and convicted on all counts and received concurrent sentences on each. He now urges four grounds seeking reversal: (1) items taken from his vehicle on April 18, 1975 were the result of an unlawful search and seizure; (2) admissions made to the police should have been suppressed because he was not informed he was the target of a homicide investigation; (3) it was error not to declare a mistrial when a prosecution witness identified himself as a prison administrator; and (4) the refusal of the court to strike expert testimony involving circumstantial evidence was prejudicial error. Considering these contentions in inverse order, we note that there is no requirement that circumstantial evidence point to guilt with absolute certainty in order to be admitted *(People v Yazum,* 13 NY2d 302), although other inferences must be reasonably foreclosed if a conviction is to rest solely upon such evidence *(People v Wachow-*

*icz,* 22 NY2d 369). At issue in this case was the degree of similarity between the heel pattern of defendant's boot and a heel print found at Bunky's Tavern following the homicide. The trial court properly admitted expert testimony on that subject, allowing the jury to assess its relative weight *(People v Coleman,* 55 AD2d 981; *People v Warner,* 52 AD2d 684). Next, a prosecution witness who stated that he was employed as a prison administrator was apparently called to identify certain records disclosing defendant's blood type. However, he did not associate defendant with a penal institution or its records in any fashion and he was excused before the nature of the proposed exhibit was revealed to the jury. As to the statements made by defendant after receiving his *Miranda* warnings, it is plain that they were given following an intelligent waiver of his rights. There is no requirement that a person under arrest be advised he is a suspect of another crime; an individual in police custody must appraise for himself the import of the questions propounded and the significance of his answers (see *People v McGuffin,* 55 AD2d 772). Finally, the boots seized from defendant's vehicle were properly admitted under several theories: they were in the "plain view" of the police officer when he entered the vehicle to drive it to the police garage *(Coolidge v New Hampshire,* 403 US 443); the search, if it may be so characterized, was incidental to a lawful custodial arrest *(People v Fustanio,* 35 NY2d 196; *People v Troiano,* 35 NY2d 476); the activity constituted an inventory for safeguarding the defendant's property *(People v Middleton,* 50 AD2d 1040); and it was inevitable that those items would be discovered *(People v Fitzpatrick,* 32 NY2d 499, cert den 414 US 1033). However, we do conclude that the judgment should be modified in one respect. Since the defendant could not have committed the felony murder without also committing the robbery, those two counts of the indictment were inclusory and concurrent (CPL 300.30, subds 3, 4). When an indictment contains such counts, a guilty verdict on the greatest count submitted is deemed a dismissal of every lesser count (CPL 300.40, subd 3; see, e.g., *People v Grier,* 37 NY2d 847). Judgment modified, on the law, by reversing the conviction of robbery in the first degree and the sentence imposed thereon; said count of the indictment dismissed, and, as so modified, affirmed. Kane, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.