■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL A. Fox, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 13, 1977, upon a verdict convicting defendant of the crimes of burglary in the second degree, burglary in the third degree and grand larceny in the third degree (two counts). The defendant was tried and convicted of the above charges which arose out of burglaries at 19 Tampa Avenue, Albany, on January 20, 1977, and at 13 Tampa Avenue on January 25, 1977. On this appeal, the defendant urges that it was reversible error for

the trial court to deny the defendant's motion to suppress photographic identification testimony. At the suppression hearing, the police officer testified that he took seven photographs to the Berns Camera Store, laid them down on a desk in no particular order and asked Mr. Berns if the subject who had been in the store to sell the stolen camera was among them. Mr. Berns picked up the photograph of the defendant Fox. The seven photographs were of seven Black individuals with mustaches and similar hair styles. Each picture was a full view of the face and shoulders. There was no testimony that the viewer was told anything about the progress of the investigation or that anyone else had identified the defendant. Although the other six photographs were Polaroid-type pictures and the photograph of the defendant was not and there were several other variations, we agree with the finding of the trial court that the photographs were substantially and sufficiently similar to each other so that they were not impermissibly suggestive. We find that the procedures used did not give rise to a substantial likelihood of irreparable identification (*Simmons v United States,* 390 US 377). In any event, by his own testimony at the trial, the defendant admitted the attempt to sell the camera in question to Mr. Berns, but contended that he had not stolen it but bought it from a person he called "Blue". Therefore, the issue of the identification procedure becomes moot. The trial court made the sentences as to the crimes committed on January 20, 1977 concurrent with each other and made the sentences for the crimes committed on January 25, 1977 concurrent with each other, but then made the sentences for the crimes committed on January 25 consecutive to the crimes committed on January 20. The Trial Judge referred to the defendant as a "career criminal" and the defendant admitted a prior felony at the time of sentence. The imposition of the sentences, however, was within the discretion and judgment of the sentencing court (*People v Caputo,* 13 AD2d 861), and the imposition of consecutive sentences is within the province of the trial court (*People v Paul,* 46 AD2d 838, affd 37 NY2d 100). The defendant in his *pro se* brief contends it was reversible error for the trial court to deny the motion to suppress the defendant's oral confession. Defendant alleges that he told the police he wanted to be represented by counsel and at no time confessed. A detective stated that no request for legal representation was made and that the defendant freely confessed to both crimes. The trial court determined that issue of credibility in favor of the detective's version. Such determination is based upon credibility and should not be disturbed (*People v Middleton,* 50 AD2d 1040). We determine that the defendant's contentions that the prosecutor's cross-examination of the alibi witness and of the defendant were so prejudicial and unreasonable as to deny his right to a fair trial are without merit. We have examined the record and find nothing in the prosecutor's summation that would require reversal and a new trial. In any event, there was no objection to the prosecutor's summation and this issue was not preserved for review (*People v Sim,* 53 AD2d 992). On a review of the entire case, we find nothing that would require reversal and the errors, if any, were not of constitutional dimension and were harmless in view of the overwhelming proof of the defendant's guilt (*People v Crimmins,* 36 NY2d 230). Judgment affirmed. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.