### (July 2, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. MURPHY, Also Known as THOMAS C. SCHUMACHER, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 12, 1979, convicting defendant upon his plea of guilty of the crime of burglary in the third degree. At approximately 11:00 P.M. on April 4, 1978, the vehicle which defendant was operating in the Village of Ellenville was stopped by the village police because it apparently had a defective muffler. Defendant then produced for the police a driver's license in the name of Thomas Schumacher and an automobile registration and insurance card in the name of Thomas Murphy, and he stated that he was a friend of the vehicle's owner who was then on Long Island. A routine check of the vehicle's license plate number revealed that the owner, Thomas Murphy, was wanted on a warrant from Suffolk County, and a teletype description of Murphy fit the driver of the automobile, who, as noted, was alleging that he was Thomas Schumacher. The driver and the other two occupants of the car were then asked to accompany the police to headquarters for further inquiry into the driver's identity, and at this point the driver allegedly became nervous and offered several reasons why he could not leave the car. Nonetheless he and his passengers were taken to the police station along with the automobile, and upon arriving at the station one of the police officers immediately inventoried the contents of the vehicle in accordance with routine police procedures. This inventory revealed various items, including an unopened package of lottery tickets, several pry bars, a crow bar and a large brown drawer containing about $175 in rolled coins which it subsequently developed had been taken in a burglary that same evening at a nearby supermarket. As a result, defendant was indicted for the crimes of burglary in the third degree (Penal Law, § 140.20) and criminal possession of stolen property in the second degree (Penal Law, § 165.45). Following a hearing, defendant's motion to suppress the inculpatory items found in the car was denied, and he thereafter pleaded guilty to the burglary charge and was

sentenced to a definite one-year term in the Ulster County Jail. Seeking a reversal of his conviction, defendant argues on this appeal that there was an absence of probable cause for his arrest and that his motion to suppress should have been granted because the search of the automobile was unreasonable and violative of his Fourth Amendment rights. We disagree. If, as maintained by defendant, he was not formally under arrest at the time the car was inventoried, it is nonetheless also clear that he was under custodial detention for questioning and that the circumstances detailed above provided probable cause for the action of the police in detaining and interrogating defendant (see *Dunaway v New York,* 442 US 200). Moreover, the initial stop of defendant and the making of the inventory of the car were also proper under the circumstances presented (cf. *People v MacDonald,* 61 AD2d 1081; *People v Middleton,* 50 AD2d 1040, affd 43 NY2d 703), and once the contraband was discovered and the police learned of the burglary at the supermarket, there was obviously probable cause for defendant's arrest. Judgment affirmed. Sweeney, J.P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.