■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN G. MORRIS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 9, 1979, convicting defendant, upon his plea of guilty, of the crime of attempted arson in the second degree. Defendant was charged in an indictment with the crime of arson in the second degree, a class B felony. Pursuant to an agreement following plea bargaining negotiations, defendant entered a plea of guilty of the crime of attempted arson in the second degree, a class C felony, and was sentenced as a violent felony offender to an indeterminate term of imprisonment with a maximum term of nine years and a minimum term of three years. His plea was accepted in full satisfaction of the indictment. This appeal ensued. Initially, defendant argues that the court erred in failing to suppress certain inculpatory statements made by him. It is urged that these statements were obtained in violation of his right to counsel. The record reveals that two police officers went to defendant's apartment to question him concerning fires that had been set in the building where defendant was employed as a maintenance man. At the suppression hearing, the two police officers testified that after interviewing defendant at his apartment they asked him to accompany them to the police station for additional questioning and he agreed; that defendant's wife wanted to call an attorney but defendant indicated to her that he did not want her to; that after arriving at the police station defendant waived his *Miranda* rights, including the right to counsel, and that thereafter he made inculptory statements. Defendant's wife testified at the hearing that she wanted to call an attorney although her husband did not ask her to, but the two police officers persuaded her that an attorney was unnecessary. The police officer denied dissuading defendant's wife from contacting an attorney. The trial court chose to credit the police officers' testimony as to what transpired at defendant's apartment and this determination, based upon credibility, should not be disturbed *(People v Fox,* 65 AD2d 880; *People v Middleton,* 50 AD2d 1040, affd 43 NY2d 703). While it is true that once a suspect indicates that he wishes to consult with an attorney, he cannot be questioned in the absence of counsel *(People v Buxton,* 44 NY2d 33), it is clear from the present record that defendant did not request an attorney prior to being questioned. Nor may defendant rely on the rule that once an attorney enters the proceeding the defendant may not be questioned in the absence of counsel nor may he waive the right to counsel in the absence of counsel *(People v Rogers,* 48 NY2d 167; *People v Arthur,* 22 NY2d 325). According to the testimony of the police officers, defendant rejected his wife's requests that he obtain an attorney and no attorney was contacted by the wife in their presence. Consequently, it cannot be said under the present circumstances that an attorney had entered the proceeding prior to defendant's making the inculpatory statements in question. The motion to suppress, therefore, was properly denied. We find no clear abuse of discretion by the court in imposing sentence and, accordingly, the sentence will not be disturbed *(People v Finke,* 51 AD2d 1089). Defendant's remaining arguments have been considered and are unpersuasive. The judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.