■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MICHAEL LOWE, Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered April 3, 1981, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree. When defendant unsuccessfully attempted to cash a previously reported stolen check at a drive-in teller's window, the bank teller gave an accurate description of both defendant and his automobile to the police. Upon apprehension while driving the car, defendant gave false information to the police who recognized him as the wanted person. After impoundment, an inventory search of the car at the police station disclosed property previously reported stolen. During questioning, defendant made only exculpatory statements and unsuccessfully attempted to negotiate a "deal" for a lesser charge in return for information about recent burglaries. He was acquitted upon a charge of criminal possession of stolen property and convicted of the crime of possession of a forged instrument, receiving a sentence of 3½ to 7 years as a

predicate felon. The first error assigned is the court's failure to grant severance for trial of the two counts, upon the argument defendant desired to testify upon the stolen property charge but not on the forged instrument charge and that joinder led to the admission of evidence on one charge which prejudiced the jury upon its consideration of the other charge. We disagree. First, joinder was proper under CPL 200.20 (subd 2, par [c]), the offenses being joinable as similar, in that possession of the fruits of burglaries, i.e., stolen items, was simultaneous. Severance is discretionary and will be granted only if a defendant can persuade the court that it should be granted "'in the interest of justice and for good cause shown'" (*People v Lane,* 56 NY2d 1, 7). The record shows defendant did nothing more than orally move in a single sentence without recitation of any basis or grounds. Upon this record, it can hardly be said that the court abused its discretion in denying severance as a matter of law (see *People v Jenkins,* 50 NY2d 981, 982-983), in the absence of the convincing showing required by the statute (CPL 200.20, subd 3; *People v Lane,* 56 NY2d 1, 8-9, *supra*). Moreover, acquittal on the criminal possession of stolen property charge demonstrates that no prejudice resulted from denial of severance (*People v Ranellucci,* 50 AD2d 105, 106; *People v Peterson,* 42 AD2d 937, affd 35 NY2d 659). Nor did the court err in denying suppression of either the evidence obtained in the inventory search of the automobile driven by defendant when apprehended, or the statement he made while being driven back to the Broome County Jail after arraignment in Vestal. It was proper for the police to impound the car, and in the absence of the owner, to inventory its contents pursuant to police rules and regulations relating to such vehicles. There is nothing in the record to suggest that the police were on a fishing expedition for evidence or conducting an unlawful warrantless search of the car which would constitute an improper intrusion for the purpose of seizing things (*People v Sullivan,* 29 NY2d 69). The car was lawfully in police custody; they were responsible for the security of its contents and in the performance of the duty to protect the car and the contents. Nothing in the Fourth Amendment requires police to obtain a warrant under these circumstances (*Harris v United States,* 390 US 234). Any evidence found in a prudent inventory search of an impounded vehicle is admissible in a subsequent criminal prosecution (*People v Lawrence,* 53 AD2d 705, 706). We further hold that defendant's apprehension by police acting on a "stop and hold" alert on the vehicle and its driver was made upon probable cause giving justification to impoundment of the car and the station house inventory of its contents pursuant to police rules, regulations and procedures without a warrant (see *People v Brnja,* 50 NY2d 366, 372-373; *People v Lypka,* 36 NY2d 210, 213). The record further shows that the officers neither said nor did anything "which should reasonably have been anticipated to evoke a declaration from the defendant" (*People v Lynes,* 49 NY2d 286, 295, quoting *People v Howard,* 62 AD2d 179, 181-182, affd 47 NY2d 998), rendering his remarks purely spontaneous. It is uncontroverted that the officers did not engage him in conversation, nor may an atmosphere or environment of interrogation be inferred (cf. *People v Maerling,* 46 NY2d 289, 302-303). Police are not required to take affirmative steps to stop a person in custody from making incriminatory statements (*People v Kaye,* 25 NY2d 139). The record shows that anything defendant said was both spontaneous and voluntary, and not the product of an interrogation environment, the result of express questioning, or its functional equivalent (*People v Stoesser,* 53 NY2d 648). Suppression was properly denied. While defendant correctly contends that the admission of testimony referring to uncharged crimes could raise an inference of prior involvement improperly placing defendant's character and criminal propensity before the jury (*People v Santarelli,* 49 NY2d 241, 247; *People v Allweiss,* 48 NY2d 40, 46; *People v Caprio,* 47 AD2d 1, 3), we find that

the error does not require reversal. There was overwhelming proof of defendant's possession of a forged instrument, sufficient to render the error harmless (*People v Crimmins,* 38 NY2d 407, 411). Moreover, no objection was made and defendant was acquitted on the possession of stolen property charge negating any claim of prejudice. We have examined defendant's remaining arguments and find them to be without merit. Although some of the prosecutor's remarks might better have been left unsaid (*People v Jones,* 85 AD2d 50, 54), we find that the court's lucid charge amply instructed the jury that what attorneys said upon summation was not evidence and to disregard such remarks (*People v Williams,* 46 NY2d 1070, 1071). It does not appear that defendant was so prejudiced as to require reversal (*People v Galloway,* 54 NY2d 396, 401). Viewed in totality, defendant's counsel provided meaningful representation (*People v Baldi,* 54 NY2d 137, 146; *People v Aiken,* 45 NY2d 394). The sentence was not an abuse of the court's discretion necessitating reduction (*People v Dittmar,* 41 AD2d 788). In sum, no trial is perfect, and if it is eminently fair, and precautionary instructions are properly given to the jury, the result will be upheld (*People v Patterson,* 83 AD2d 691, 692). Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.