THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CLAYPOOLE et al., Appellants.

Third Department, April 17, 1975

*John H. Owen* for Richard Claypoole and another, appellants.

*Paul R. Kietzman* for Jonathan Jones, appellant.

*Michael A. Feit* for Gary Hite, appellant.

*George S. Kepner, Jr., District Attorney,* for respondent.

SWEENEY, J. All of the defendants were charged in one indictment with criminal possession of a weapon, and by another indictment with criminal possession of a controlled substance, fifth degree. By a separate indictment, defendant Hite was charged with bribery in the second degree. Defendants moved to suppress certain evidence and, after a hearing, the court denied the motion. Thereafter, all defendants pleaded guilty to attempted criminal possession of a controlled substance, sixth degree, in full satisfaction of all indictments. Richard Claypoole and Gary Hite received indeterminate sentences of not more than four years, and Joan Claypoole received a term of probation for a period of five years. Jonathan Jones, sentenced as a second offender, received an indeterminate sentence of not less than two years and not more than four years. These appeals ensued.

All defendants maintain that the search conducted by the arresting officer violated their Fourth Amendment constitutional rights and that the material seized should have been suppressed. They also maintain that the sentences imposed were "harsh and excessive." While there are other issues raised on this appeal, we deem it necessary only to comment on these two.

The only witness to testify at the suppression hearing was Trooper Moore, the arresting officer. He testified that, on November 7, 1973, at about 9:15 A.M., while on routine patrol, he observed a stopped motor vehicle in a "Rest Area" off Route 7 in the Town of Maryland; that the four defendants were occupants of the vehicle; that after inquiring if anything was wrong, he was advised they were in the process of changing drivers. Moore testified that Richard Claypoole was the driver and acted drowsy; that Joan Claypoole (then Joan Demmerle) was in the front passenger side and appeared to be in "terrible shape"; that she acted drowsy; had a swollen lip, a tooth missing, a bruise on one of her breasts and another on the side of her head and was unable to talk; that while there was no disagreement among the occupants that they were going to attend the wedding of the Claypooles, they did disagree as to their destination. The trooper further testified that he smelled marijuana and, from Joan Claypoole's appearance, he questioned, in his mind, whether they were actually going to a wedding; that he then inquired if they had any

luggage, and Richard Claypoole replied they did; that the three male occupants got out of the vehicle and accompanied Moore to the back of the vehicle where Claypoole opened the trunk; that it contained a couple of suitcases and a large vinyl bag with a tear in the top, exposing some vegetable material which the trooper examined and determined to be marijuana. After the arrival of assistance, a search of the interior of the vehicle was made and produced a .38 revolver and some marijuana. Another revolver was found in the trunk.

From an examination of the record in its entirety, we are of the opinion that the court properly denied the motion to suppress. In our view, the trooper's conduct at its inception was justified and there was no unlawful seizure. (Cf. *People v Cantor,* 36 NY2d 106.) Nor was there an illegal search because there was, in fact, no search at all. The record reveals that the trooper never asked to examine the trunk. He merely inquired if they had any luggage, which, under the circumstances, was a reasonable inquiry. Richard Claypoole voluntarily opened the trunk where the marijuana was in plain sight. It was then that the arrests took place. The subsequent search of the interior of the vehicle and the trunk was permissible since it was made in conjunction with a lawful arrest.

As to the sentence of defendant Jones, there is no merit to his contention that his prior conviction for violation of the Federal Youth Corrections Act (US Code, tit, 18, § 5005 *et seq.)* was not a felony, but treatment as a youthful offender. As the sentencing court pointed out, Jones could have been treated as a youthful offender in Arizona where the alleged crime occurred, but because of his age, he could not have been so treated in New York State. *(People v Carpenteur,* 21 NY2d 571.) Considering the other sentences in light of the evidence produced, this court should not interfere with the discretion of the trial court. *(People v Caputo,* 13 AD2d 861.) We have examined the other issues raised by defendants and find them unpersuasive.

The judgments should be affirmed.

HERLIHY, P.J., GREENBLOTT, MAIN and LARKIN, JJ., concur. Judgments affirmed.