THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIM GREGORY MANGAN, Appellant.

Third Department, December 30, 1976

*William F. Lynn* for appellant.

*Patrick D. Monserrate, District Attorney (Patrick H. Mathews* of counsel), for respondent.

LARKIN, J. The primary issue raised on this appeal is whether the trial court erred in its decision, dated October 5, 1973, denying defendant's motion to suppress certain evidence. At approximately 1:30 A.M. on June 9, 1973, Trooper Micilcavage observed a 1966 Volkswagen suburban van parked on a side street in the Town of Chenango. He testified that the vehicle was parked in one of the "busiest or heaviest areas in the county for drug usage". Shortly after a marked State Police vehicle appeared in the area, one of the two individuals previously observed near the van, after looking in the direction in which the marked vehicle was traveling, returned to the van. The van thereafter was driven from the area, but not before its parking lights had been turned on five or six times. Trooper Micilcavage then proceeded to the area where the van had been parked and found an empty pill container with a residue, although he was unable to establish that it came from the van.

At approximately 3:30 A.M. of the same morning, the trooper and his fellow officer observed a vehicle being driven with only the parking lights on. After they started to pursue said vehicle, the officers recognized it as the same van they had observed earlier that morning. The vehicle was stopped and the defendant produced two separate valid registrations. Trooper Micilcavage then inquired about the operation of the vehicle without headlights, and defendant indicated it was a mechanical problem. The defendant permitted the trooper to enter the van to attempt to operate the headlights. Trooper Micilcavage testified that he observed a red cigarette roller on the passenger seat and picked it up and smelled it. He detected a strong odor of marijuana and felt a fine film, similar to that previously observed by him on pipes, marijuana bags and pill containers used to store marijuana. When confronted with the cigarette roller, the defendant said that he rolled marijuana cigarettes with it. The officer admitted that his initial entry into the van was for a twofold purpose;

to assist the defendant in turning on the headlights, and to examine the vehicle for evidence of drugs.

After further discussion about the duplicate registrations, Trooper Micilcavage undertook to compare the vehicle identification number appearing on the registration with the number located on the inside of the vehicle, which apparently is located on a plate on an interior dome light. The defendant was advised that the trooper wished to enter the rear portion of the van for this purpose, and unlocked and opened the doors. Trooper Micilcavage testified that upon looking into the interior of the vehicle, he observed a banjo case between two seats which faced each other. Allegedly desiring to move the banjo case out of the way in order to observe the vehicle identification number, the trooper questioned the defendant about it and its contents. The defendant advised him that it was an empty banjo case. After sensing weight shifting inside the case, the officer repeated his question about the contents and was again advised that the case was empty. At this point the trooper stated that he "had reason to believe there might possibly be contraband" in the case and proceeded to testify in considerable detail as to the training, experience and observations upon which this conclusion was based. He then testified that he picked up the case and, without opening it, could smell marijuana. The case was then opened and a quantity of marijuana was revealed. The defendant was then placed under arrest and advised of his rights for the first time. Trooper Micilcavage testified that his entry into the rear portion of the defendant's vehicle was partially for the purpose of checking for contraband and that defendant did not consent to the opening of the banjo case.

Defendant's primary claim on this appeal is that there was no probable cause for the trooper to search the vehicle he was operating. The Court of Appeals has recently set forth the standard to be applied in cases such as the one at hand as "whether, under all the circumstances, the warrantless search of defendant's automobile was reasonable within the meaning of constitutional limitations" (People v Kreichman, 37 NY2d 693, 695). We conclude that under all of the facts set forth above, the search conducted by officer Micilcavage was reasonable and proper.

There can be no doubt that the defendant's vehicle was properly stopped when observed being operated on a public highway at approximately 3:30 A.M. with only the parking

lights on (see *People v Ingle,* 36 NY2d 413; cf. *People v Cantor,* 36 NY2d 106). After the van was stopped, the trooper entered the front seat area with the defendant's permission to lend assistance in the operation of his headlights, observed the cigarette roller and picked it up for closer examination. "It is well established that under certain circumstances the police may seize evidence in plain view without a warrant" *(Coolidge v New Hampshire,* 403 US 443, 465, reh den 404 US 874. See, also, *Harris v United States,* 390 US 234; *People v Brosnan,* 32 NY2d 254; *People v Rowell,* 27 NY2d 691).

"What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification—whether it be a warrant for another object, hot pursuit, search incident to a lawful arrest, *or some other legitimate reason for being present unconnected with a search directed against the accused—* and permits the warrantless seizure" *(Coolidge v New Hampshire, supra,* p 466; emphasis supplied). In the instant case the trooper had a legitimate reason for being in the defendant's van at the time he observed the cigarette roller in "plain view" on the front passenger's seat, a reason unconnected with his second purpose, to examine the vehicle for evidence of drugs. This court has recently upheld a similarly inadvertent recovery of incriminating material *(People v Claypoole,* 47 AD2d 269).

At this point, the trooper, a police officer with considerable training and experience, particularly in the area of narcotics, was confronted with the following facts; a van which had been observed earlier in the evening in the area of high drug activity, furtive actions by persons in its vicinity, an immediate departure following apparent signalling upon the appearance of a marked police car, an empty pill container near the place where the van had been parked, and the inadvertent discovery of a cigarette roller, often associated with the use of marijuana, with an odor of marijuana and covered with a film associated with drug use, in the van later in the evening. Finally, the defendant had made a voluntary statement that he used the cigarette roller to make marijuana cigarettes. This court has held that the smell of marijuana smoke alone may be sufficient to provide police officers with probable cause to search a vehicle and its occupants *(People v Chestnut,* 43 AD2d 260, affd 36 NY2d 971).

We conclude that the foregoing constituted specific, articulable facts sufficient from which a reasonable and prudent officer of Trooper Micilcavage's extensive training and experience could have formed a reasonable belief that the defendant's van contained contraband (see *Henry v United States,* 361 US 98; *Carroll v United states,* 267 US 132; *People v Kreichman, supra).* As such, no further justification for a further search of the vehicle or objects contained therein, such as the banjo case, was necessary. In *People v Kreichman (supra),* for example, once the requisite showing of probable cause had been made, a search of the glove compartment and trunk of the subject vehicle, and a closed duffle bag in the trunk, was upheld. We thus uphold the trooper's entry into the rear of the vehicle and his search of the banjo case apart from any consideration of his desire to locate vehicle identification numbers or his ability to smell marijuana in the closed banjo case. We find no merit to defendant's further claim as to the conduct of the suppression hearing.

The judgment should be affirmed.

KOREMAN, P. J., GREENBLOTT, KANE and HERLIHY, JJ., concur.

Judgment affirmed.