■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v RICARDO EBRON, Appellant-Respondent. — Cross appeals by (1) defendant from a judgment of the Supreme Court, Kings County (Felig, J.), rendered January 28, 1981, convicting him of robbery in the first degree, upon his plea of guilty, and sentencing him as a first felony offender, and (2) the People from the sentence imposed, on the ground of illegality. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed, and case remitted to the Supreme Court, Kings County, for resentencing in accordance herewith. Defendant's statement, at the time he entered his plea of guilty, that he used a "toy weapon" to commit the crime, casts doubt on the substantive sufficiency of his plea by suggesting the existence of an affirmative defense under subdivision 4 of section 160.15 of the Penal Law. Under the circumstances presented here, the court erred in failing to then point out to the defendant, as required under the guidelines of *People v Serrano* (15 NY2d 304), the availability of such affirmative defense, and that if established, it could result in, at most, a conviction for robbery in the second degree and thereby

subject him to a lesser sentence than could be imposed for the crime of robbery in the first degree. The defendant, however, waived his right on appeal to assert this deficiency in his plea, by reason of his failure to move to withdraw his plea at Criminal Term (see *People v Warren,* 47 NY2d 740; *People v Pascale,* 48 NY2d 997). The error has not been preserved for review. A reversal in the interest of justice is not warranted inasmuch as defendant's plea was the product of plea bargaining, freely entered into by defendant with the advice of counsel, under which the plea and sentence were in full satisfaction of a seven-count indictment, charging him with robbery in the first degree (two counts), robbery in the second degree, grand larceny in the third degree (three counts), and criminal possession of a weapon in the fourth degree, all arising out of robberies committed in the same supermarket on three separate days. The plea enabled defendant to avoid the imposition of a much longer sentence of imprisonment (*People v Mitchell,* 78 AD2d 608, 609). With respect to the People's appeal, we find from this record that Criminal Term erred in imposing sentence upon defendant as a first felony offender. Prior to imposition of sentence, the People filed a second felony offender statement, pursuant to CPL 400.21, charging that he had been previously convicted in the United States District Court for the Eastern District of New York on June 13, 1975, for bank robbery, and that he should, therefore, be sentenced as a second felony offender pursuant to section 70.05 of the Penal Law. Defendant controverted the allegations of the statement contending that his constitutional rights were violated in that the sentencing Judge, at the time of his Federal conviction, did not consider a rehabilitation program under the Federal Youth Corrections Act (US Code, tit 18, §§ 5005-5026), which was then available, in the court's discretion, to defendants between the ages of 22 and 26 sentenced as young adult offenders, pursuant to section 4209 of title 18 of the United States Code (now § 4216). Defendant was 23 years of age at the time he was sentenced in the Federal court in 1975. The Justice at Criminal Term ordered the People to produce the minutes of the Federal court sentencing proceedings to ascertain whether such consideration was given prior to the imposition of that sentence. When the Assistant District Attorney stated to the court, on January 28, 1981, that, after persistent searching for the minutes and making inquiries of the Federal court reporters acquainted with the matter, the recording of the minutes could not be found, the court concluded that the People had failed to sustain their burden of proof to establish the constitutionality of the prior Federal sentencing as a predicate felony, and proceeded to sentence defendant as a first felony offender. We do not agree. Whether or not a Federal or out-of-State felony conviction may provide a basis for multiple offender treatment or must be expunged by reason of an adjudication affording youthful offender treatment depends on the prevailing law of New York State (*People v Carpenteur,* 21 NY2d 572). Under CPL 720.10, youthful offender treatment may be accorded only to a youth charged with a crime alleged to have been committed when he was at least 16 years old and less than 19 years of age. Inasmuch as the defendant was 23 years of age at the time a 10-year sentence was imposed upon him in 1975 in the Federal court for his conviction of the felony of bank robbery, such conviction could not, by reason of his age, be, under any circumstances, treated as a youthful offender conviction under New York law, and thereby, be expunged for the purpose of determining his status as a multiple offender (*People v Claypoole,* 47 AD2d 269, 272). It is mandated that where a defendant *under* the age of 22 is sentenced as an adult in a Federal court the sentencing court *must,* under the provisions of the Federal Youth Corrections Act (US Code, tit 18, §§ 5005-5026), before imposing sentence, consider and make express findings accompanied by supporting reasons to

show that the offender would not benefit from treatment under the act (*Dorszynski v United States,* 418 US 424, 431). It has, however, been held that, although similar consideration should be made by the sentencing court when imposing such sentence upon a defendant *over* the age of 22 years, pursuant to section 4209 of title 18 of the United States Code (young adult offenders) the presence of such explicit finding on the record is not required, and that a record which does not disclose such consideration by the court is, at most, an amendable irregularity which does not go to the validity of the conviction and may be corrected on remand (*Brown v United States,* 547 F2d 821, 822; *United States v Norton,* 539 F2d 1194). Here, no constitutional infirmity impairing the Federal conviction has been established for the reason that, even if the record should show that the court did not consider sentencing under the Federal Youth Corrections Act, such omission would not have invalidated the underlying conviction nor have precluded its use as a predicate felony conviction under CPL 400.21 (subd 7, par [c]). Moreover, if the defendant had been properly sentenced under section 4209 of title 18 of the United States Code (young adult offenders), he would, nevertheless, be a predicate felon under New York law. The matter should, therefore, be remanded to Criminal Term for the purpose of resentencing the defendant as a second felony offender. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.