■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McAVOY, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (Rubin, J.), rendered April 20, 1979, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

On the instant appeal, defendant argues that his guilty plea was not a knowing and voluntary one. Specifically, defendant contends that he entered a guilty plea because he believed that he was dying of cancer and was in need of particular medical treatment which he could only get in prison. This argument was not preserved for appellate review by reason of defendant's failure to move to withdraw his plea prior to or at the time of sentencing (see *People v Pellegrino,* 60 NY2d 636; *People v Warren,* 47 NY2d 740; *People v Pascale,* 48 NY2d 997; *People v Ebron,* 87 AD2d 653). In any event, a review of the plea indicates that (1) defendant, with the advice of counsel, admitted freely and fully that he committed the crime of robbery in the first degree and (2) no mention was made during the plea regarding defendant's alleged desire to go to prison solely for the purpose of obtaining medical treatment for a claimed illness. Under these circumstances, it is our view that the plea was knowing, voluntary, and valid (see *People v Harris,* 61 NY2d 9). The record also supports the conclusion that defendant was competent to enter a plea of guilty.

We have reviewed defendant's remaining argument and find it to be without merit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.