■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN McGUIRE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eiber, J.), rendered June 28, 1982, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant failed to raise his objection to the adequacy of his plea allocution in the court of first instance and accordingly has not preserved his claim for appellate review *(see, People v Pellegrino,* 60 NY2d 636). A reversal in the interest of justice is not warranted under the circumstances of this case *(see, People v Ebron,* 87 AD2d 653; *People v Burnett,* 105 AD2d 710).

The imposed sentence, which was negotiated by the defendant, was not excessive *(see, People v Kazepis,* 101 AD2d 816). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAIN MEEKINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 16, 1981, convicting him of manslaughter in the first degree and robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant's challenge to the sufficiency of the plea allocution is not preserved for appellate review *(see,* CPL 470.05; *People v Pellegrino,* 60 NY2d 636), and, in any event, is without merit. The plea satisfied the requirements set forth in *People v Harris* (61 NY2d 9).

Finally, the sentence imposed was not excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.