THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOANNE TULKO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cohen, J.), rendered May 20, 1986, convicting her of sodomy in the first degree (13 counts), sodomy in the second degree, sexual abuse in the first degree (14 counts), sexual abuse in the second degree (six counts), rape in the first degree, rape in the second degree, endangering the welfare of a child (four counts) and conspiracy in the fourth degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by reducing the sentence imposed on count 21 of the indictment from a term of 2½ years' to 7½ years' imprisonment to a term of 2⅓ years' to 7 years' imprisonment, and by reversing the convictions on counts 31 through 41 of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

Although the indictment filed against the defendant and her codefendant contains 41 counts, and although the defendant pleaded guilty to the indictment as charged, the court was totally without jurisdiction to sentence her on counts 31 through 41. Those latter counts accused only the codefendant of the crimes for which the defendant was sentenced. Nor was the court authorized to impose a sentence of from 2½ to 7½ years' imprisonment on count 21. By her plea to that count, the defendant stood convicted of sexual abuse in the first degree, a class D violent felony (Penal Law § 130.65; *see also,* Penal Law § 70.02 [1] [c]). The maximum permissible sentence for that crime is from 2⅓ to 7 years (Penal Law § 70.02 [2] [b]; *see also,* Penal Law § 70.00 [2]).

The record demonstrates that the defendant's plea of guilty to the first 30 counts of the indictment, entered during the course of the trial against the defendant and the codefendant, was neither improvident nor baseless. By her plea, the defendant waived the right to challenge errors allegedly made during the trial *(see, People v Thomas,* 74 AD2d 317, *affd* 53 NY2d 338). By failing to move to withdraw her plea, she has failed to preserve for appellate review the alleged deficiencies in the plea allocution *(see, People v Pellegrino,* 60 NY2d 636; *People v Moore,* 91 AD2d 1050; *People v Ebron,* 87 AD2d 653). Finally, we discern no basis for disturbing the sentences validly imposed *(People v Kazepis,* 101 AD2d 816). Thompson, J. P., Eiber, Sullivan and Harwood, JJ., concur.