■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CURRAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered April 4, 1986, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to raise his objection to the adequacy of his plea allocution in the court of first instance and,

accordingly, has not preserved his claim for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Banks,* 117 AD2d 611, *lv denied* 67 NY2d 939). In any event, his contentions are devoid of merit. During the plea allocution, the defendant's statement that the weapon used in the commission of the robbery was a toy rifle did cast doubt on the substantive sufficiency of his plea by suggesting the existence of an affirmative defense under Penal Law § 160.15. In compliance with the guidelines of *People v Serrano* (15 NY2d 304), the court pointed out to the defendant the availability of that affirmative defense, and that if established, it could result in, at most, a conviction of robbery in the second degree and thereby subject him to a lesser sentence than could be imposed for the crime of robbery in the first degree *(cf., People v Ebron,* 87 AD2d 653; *People v Waddell,* 66 AD2d 807). Contrary to the defendant's contention, the plea bargain significantly reduced the potential maximum jail exposure he faced if convicted after trial of robbery in the second degree and the other charges pending against him, which were dismissed in exchange for his guilty plea to robbery in the first degree.

We have reviewed the defendant's other arguments and find them to be without merit. Mangano, J. P., Kunzeman, Rubin, Kooper and Harwood, JJ., concur.