■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH VAN DUYNE, Also Known as VAN DUYNE HAYES, Appellant.—Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at *Wade* hearing, plea and sentencing), rendered on February 5, 1986, convicting defendant on his plea of guilty of robbery in the first degree, and sentencing him, as a second violent felony offender, to an indeterminate term of imprisonment of 6 to 12 years, unanimously affirmed.

On November 28, 1986, the defendant and two other accomplices robbed the complainant in the vestibule of his apartment on West 104th Street. The defendant simulated the appearance of a gun by holding his hand in his pocket, threatened to use "it" on the complainant, and stole $25.

The police, who were called immediately, arrived at the scene within 15 minutes and took the victim to Central Park West and West 106th to identify some suspects. The complainant identified the trio after looking at each suspect for approximately a minute.

At the plea allocution, defendant admitted simulating a gun with his hand. The Judge informed the defendant at the sentencing that inoperability of a weapon was an affirmative defense which, if established, could reduce the crime to robbery in the second degree. Defendant did not change his plea nor seek to assert the affirmative defense.

On appeal defendant claims that the showup identification was unduly suggestive, and that all the elements of robbery in the first degree were not proven. Although all showup identifications are to some degree suggestive, showups are permissible when the suspects are apprehended in close proximity in time and space to the scene of the crime. *(People v Love,* 57 NY2d 1023.)* We see no reason on this record to interfere with

the hearing court's finding that the showing was not suggestive.

At the plea allocution, defendant admitted all of the elements of the crime to which he pleaded guilty. At sentencing, the court pointed out to the defendant the availability of the affirmative defense that his "gun" was not loaded and that he could withdraw his plea, which he chose not to do. Where the defendant chooses not to use the affirmative defense, it is deemed waived. *(People v Ebron,* 87 AD2d 653.) Under these circumstances, we perceive no basis for reversal. Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.