THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL L. PROESCH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered November 5, 1973, convicting him, on his plea of guilty, of criminal possession of dangerous drugs in the fourth degree and sentencing him to five years probation. The appeal brings up for review an order of the same court, dated September 24, 1973, which, after a hearing, denied defendant's motion to suppress physical evidence and his oral statements. Judgment and order reversed, on the law and the facts, and motion to suppress evidence and oral statements granted and indictment dismissed. The People failed to make out a prima facie case or to establish probable cause for the warrantless search and seizure on any theory of justification (*People* v. *Calder*, 43 A D 2d 724). Gulotta, P. J., Hopkins, Martuscello, Shapiro and Christ, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN RUSSO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 10, 1972, convicting him, upon a jury verdict of criminally negligent homicide and imposing sentence. Judgment affirmed. The defendant was arrested for causing the death of Esther Alice Curtis by striking her with an automobile. He was indicted for, and convicted of criminally negligent homicide. At the outset of the trial a *Huntley* hearing (*People* v. *Huntley*, 15 N Y 2d 72) was held to determine the admissibility of certain statements. At the conclusion of the hearing the court denied the suppression motion without stating its findings of fact or conclusions of law. Defendant considers this to be reversible error. We do not. The court should have spread on the record its findings of fact and conclusions of law (see *People* v. *Growich*, 38 A D 2d 733). However, such findings may be implied where the defendant, as here, had a full and fair hearing on the motion to suppress and the record itself serves as an ample basis for review of the determination which was made (*People* v. *Brady*, 16 N Y 2d 186; *People* v. *Alfinito*, 16 N Y 2d 181). Further, even though CPL 710.60 (subds. 4, 6) requires that the court make findings of fact, its failure to do so is not fatal because this court can make the necessary findings of fact, at least where no jury is involved (CPL 470.15, subd. 1; *People* v. *Brown*, 33 A D 2d 735). Viewing the uncontradicted and unimpeached testimony of the prosecution's witness, the sole witness to testify at the suppression hearing, the People have proven, beyond a reasonable doubt, that the admissions were voluntarily made after the requisite warnings were given to defendant. We have examined the other issues raised by the defendant and find them to be without merit. Shapiro, Acting P. J., Cohalan, Brennan, Benjamin and Munder, JJ., concur.