■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERIE MASSIAH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 6, 1974, convicting her of criminal possession of a controlled substance in the seventh degree (two counts), criminal possession of a hypodermic instrument, criminal use of drug paraphernalia in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and the facts, and indictment dismissed. Defendant and her codefendant were arrested after police found property allegedly stolen from a burglarized clothing store in a search of the hotel room which they were occupying. Other contraband was also found during the search. At the outset of the trial a hearing was held to determine the admissibility of evidence seized during the search. One of the police officers who conducted the search testified that he met defendant in a hallway outside the hotel room and asked to speak to the codefendant. Defendant

entered the room and, shortly thereafter, the codefendant appeared at the door. The police officer testified that he introduced himself, indicated that he was investigating a burglary which had taken place around the corner, and said he wanted to talk to him about the burglary and to search the room for the proceeds. The officer stated that the codefendant responded, "Sure, come on in. I have nothing to hide." The officers entered the room and immediately spotted what they believed to be proceeds of the burglary on a chair three to five feet away. They arrested defendant and the codefendant and continued their search, finding, among other things, a partially smoked marijuana cigarette, a vial of methadone, 51 hypodermic needles in a brown paper bag, two envelopes of marijuana and drug paraphernalia in the dresser, six tin foil packets of cocaine and two packages of marijuana in a leather case and a rifle under a mattress. The codefendant testified at the hearing that he had refused to allow the police to enter the room, but that they had pushed their way into it. The trial court denied the suppression motion, but did not state its findings of fact or conclusions of law (see CPL 710.60, subd 6). The failure to make requisite findings is not in and of itself reversible error; this court may make such findings if a fair and full hearing on the motion to suppress provides an adequate record (*People v Russo*, 45 AD2d 1040). The burden of proof rests heavily upon the People to establish the voluntariness of a consent to a warrantless search (*People v Whitehurst*, 25 NY2d 389). In viewing the record, we find that the People have not met their burden. We cannot credit the testimony of the police officer that the codefendant, an ex-felon, would consent to a search with knowledge that the contraband sought was in the room in open view. We refuse to credit testimony which has the appearance of having been patently tailored to nullify constitutional objections (cf. *People v Garafolo*, 44 AD2d 86). Martuscello, Cohalan and Shapiro, JJ., concur; Hopkins, Acting P. J., and Brennan, J., dissent and vote to affirm the judgment.