■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDER HENIX, Appellant.—Appeal from a judgment of the County Court of Sullivan County, rendered February 8, 1977, convicting defendant on his plea of guilty of the crime of criminal possession of a dangerous drug in the fourth degree. The sole contention advanced by defendant on this appeal is that the cocaine he was convicted of possessing came into police custody as the result of an unlawful search and seizure. The arresting officer, a member of the New York State Police, testified that on June 18, 1972, while assigned to a standard traffic patrol, he observe a vehicle proceeding along Route 17 in Sullivan County at 72 miles per hour in what was then a 65-mile-per-hour zone. The automobile was stopped and defendant was discovered to be its only occupant. He produced a valid operator's license and claimed ownership of the vehicle, but did not produce the car registration which he said was in his mother's name. Seeking to verify his statement, defendant was requested to exhibit an insurance card and he responded by unlocking and opening the glove compartment of the automobile. Defendant first removed a brown paper bag, located on "top of everything else" in the words of the officer, and was asked what it contained. Answering "medicine," defendant reached into the bag and extracted two vials which he presented to the officer. He then hurriedly closed the bag, stuffed it up the sleeve of a coat, and threw the coat behind the front seat. While the bag was open, the arresting officer noticed that it also contained a clear glassine package filled with a white powdery substance. Given defendant's secretive actions in disposing of the bag, the officer's reactions can be easily imagined and the remaining sequence of events may be omitted from this factual recitation. Even if it were assumed that *People v Ingle* (36 NY2d 413) has retroactive effect (see *People v Martinez,* 37 NY2d 662; but see *People v Mallette,* 50 AD2d 654), defendant is not aided by the arresting officer's testimony that the automobile was pulled over for "a routine traffic check." The intrusion here was plainly not the product of whim or idle curiosity; the patrolling

officer stopped a speeding motorist as he had every right to do. The fact that it was his subjective intent not to issue a traffic summons for that infraction does not serve to undermine the objective reasonableness of his decision to halt the vehicle and check the credentials of its operator. Having validly detained or "seized" the defendant, the officer was lawfully in a position to see the powdery material exposed to his view and, reinforced by defendant's later conduct, to conclude with probable cause that it was contraband. The bag was not searched, nor was defendant asked for permission to examine its contents. The officer stated he inquired about the bag merely to eliminate his concern that it might contain a weapon and denied having any further interest in it. His request was certainly reasonable under the circumstances (see *People v Troiano,* 35 NY2d 476, 482 [Rabin, J., concurring]) and had defendant answered without opening the bag, or simply refused to respond, a different case might have arisen. However, the record demonstrates that events unfolded in such a way that no search occurred, and, therefore, suppression of the seized evidence was properly denied *(People v Claypoole,* 47 AD2d 269). Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.