■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER BURKE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered February 11, 1977, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree. Stolen firearms were discovered in the storage compartment of defendant's station wagon and the only argument presented by him on this appeal following his trial and conviction for the possession thereof is that those weapons came into police custody as the result of an illegal search. The prosecution maintains probable cause and exigent circumstances justified the warrantless search of that vehicle and, alternatively, that defendant consented thereto. While the minutes of the pretrial suppression hearing lend support to both theories, the trial court failed to make adequate factual findings and conclusions on critical issues so that a final determination of the appeal must await the resolution of such matters. It was revealed that the information said to constitute probable cause and relied upon by the arresting officer emanated from a confidential informant. Although the trial court conducted an *in camera* inquiry of that informant, thereby establishing his existence (see *People v Darden,* 34 NY2d 177; *People v West,* 56 AD2d 955, 956), it made no specific finding concerning his reliability and the basis of his knowledge. Thus, assuming the trial court credited his testimony, the summary report of its inquiry provides an insufficient basis for intelligent review of whether the informer was believable and passed on well-founded information to police authorities. We also deem it appropriate

to observe that the sealed transcript of that inquiry should be made available to this court upon further proceedings *(People v Darden, supra,* p 181). As to the possibility that defendant consented to the instant search, we note that the initial stop of his vehicle was plainly authorized. Even if the arresting officer lacked probable cause to search it, and we presently express no view on that subject, he certainly possessed something more than minimal suspicion warranting such action and testified further that the automobile was being operated at an excessive rate of speed when he first observed it (see *People v Ingle,* 36 NY2d 413; *People v Henix,* 59 AD2d 593). However, the trial court made no findings resolving the disputed factual versions of what transpired thereafter. Defendant and his wife testified that the arresting officer demanded and was given the keys to the vehicle, whereas the officer recounted that he requested permission to search and received an affirmative reply after explaining to the defendant that he could refuse to so consent. On remittal, and regardless of its determination as to the existence of probable cause to support a warrantless search, the trial court should make appropriate findings and conclusions of law on the issue of consent. Determination of the appeal withheld, and matter remitted to the County Court of Chemung County for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.