■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND COPELAND, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 26, 1976, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. During its deliberations, the jury informed the court that it was hopelessly deadlocked at eleven to one. After polling each juror individually to confirm the statement of deadlock, the court said: "This is not my opinion. I think if I send you out you can reach a verdict and I am going to send you out. Let me give you a few additional instructions, if I may. This verdict, when you reach a verdict, and *I expect you to reach a verdict,* this verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of your fellow jurors and each one of you should re-examine the questions submitted with candor and an appropriate regard and deference to the opinion of the other. It is the duty of the jury to decide this case if you can conscientiously do so, and I emphasize that, it is the duty of the jury to decide this case if you can conscientiously do so. You should listen to each others arguments with a disposition to be convinced and if the larger of you are for conviction a dissenting juror should consider if his or her doubt is a reasonable one since it makes no impression upon the main [sic] of so many persons equally honest and equally as intelligent as that juror. If, on the other hand, the majority are for acquittal, the minority ought to ask themselves whether they might reasonably doubt the correctness of a judgment which is not concurred by the majority." (Emphasis supplied.) To that point the Trial Judge had given a paraphrase of what is known as the *Allen* charge (see *Allen v United States,* 164 US 492, 501), which has received acceptance in the New York courts *(People v Graham,* 48 AD2d 646, affd 39 NY2d 775). Had he stopped there, the charge would have passed muster despite the sentence underlined above. Unfortunately, he chose to go on, and said "I am sending you out again and I expect you to come here with a verdict." To this entire supplemental charge defense counsel objected and moved for a mistrial. His motion was denied and he took an appropriate exception. In our view the motion should have been granted because, as defense counsel noted, there was an element of coercion in the final statement which went beyond the outer perimeters of *Allen.* Furthermore, the hour was late and the jury obliged by bringing in a verdict of guilty some 55 minutes later. Titone, J. P., Rabin, Shapiro and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COSTELLO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER COSTELLO, Respondent.—Appeals from (1) a judgment of the Supreme Court, Queens County, rendered September 25, 1975, convicting defendant of attempted grand larceny in the first degree, after a nonjury trial, and imposing sentence, and (2) an order of the same court, dated January 3, 1978, which denied the People's motion to settle the record. Case remitted to the Criminal Term for a hearing before the Justice who made the order under review, on the issues raised in the People's motion to settle the record. Criminal Term shall file its report following the hearing with all convenient speed. The appeals are held in abeyance in the interim. Hopkins, J. P., Latham, Cohalan and Margett, JJ., concur.