■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MILES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 11, 1975, convicting him of attempted possession of weapons, etc., as a felony, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress evidence. Judgment affirmed. After a hearing, the court denied defendant's motion to suppress the .22 calibre revolver which was seized from his person after he was stopped and frisked. The failure of the court to make the requisite findings is not, in and of itself, reversible error, since the defendant was accorded a full and fair suppression hearing and an adequate record was made upon which this court can make such findings on review (see *People v Massiah,* 47 AD2d 931; *People v Russo,* 45 AD2d 1040). With respect to the evidence adduced at the suppression hearing, Officer Orlando testified that at approximately 5:00 P.M. on May 24, 1974, while on anticrime patrol in an unmarked car, he observed defendant standing on a corner in Brooklyn. Defendant was wearing a sports jacket which did not fit well and manifested nervousness by not standing still and by seeming to be undecided as to which way he should turn. According to Orlando, when defendant saw him, he turned and started to walk down the block. Orlando followed in the unmarked car and saw defendant enter a parking lot and walk toward another man. Although defendant and the other person motioned to each other and walked toward one another, they never made formal contact because Orlando pulled his vehicle to within one or two feet of defendant and observed a bulge on the latter's left hip which, the officer said, "represented the outline of a gun." At that point Orlando stopped and frisked the defendant. In patting him down he felt a heavy metal object. He then reached in, pulled out a loaded .22 calibre revolver and a holster, and then arrested defendant. Viewing the uncontradicted and unimpeached testimony of the prosecution's witness, Orlando, the sole witness to testify at the suppression hearing, we believe the People have proven, beyond a reasonable doubt, that the stop and frisk of defendant was proper in all respects (see *People v Prochilo,* 41 NY2d 759). Hopkins, J. P., Martuscello, Titone and Rabin, JJ., concur.