■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE BREWSTER, Appellant.—Defendant (1) appeals from a judgment of the Supreme Court, Queens County, rendered October 10, 1975, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence and (2) purportedly appeals from an order of the same court dated March 21, 1977, which denied his motion to set aside his sentence. Purported appeal dismissed since leave to appeal to this court was neither sought nor granted (see CPL 450.10, 450.15, subd 2). Judgment affirmed. No opinion. Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COSTELLO, Appellant.—Appeals from (1) a judgment of the Supreme Court, Queens County, rendered September 25, 1975, convicting defendant of attempted grand larceny in the first degree, after a nonjury trial, and imposing sentence, and (2) an order of the same court, dated January 3, 1978, which denied the People's motion to settle the record. By order dated March 13, 1978, the case was remitted to the Criminal Term for a hearing before the Justice who made the order under review, on the issues raised in the People's motion to settle the record, and the appeals have been held in abeyance in the interim (People v Costello, 61 AD2d 1016). The Criminal Term held a hearing and, by order dated March 31, 1978, granted the People's motion. Appeal from the order dated January 3, 1978 dismissed. That order was superseded by the order made after the hearing. Order dated March 31, 1978 and judgment affirmed. No opinion. Hopkins, J. P., Latham, Cohalan and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO ANDRES CRUZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 18, 1976, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The defendant was arrested for causing the death of Samuel Hernandez. At the outset of the trial a *Huntley* hearing (*People v Huntley*, 15 NY2d 72) was held to determine the admissibility of statements defendant made to Detective Crosby. Defendant contends that at the conclusion of the hearing the court failed to state its findings of fact and failed to indicate which of the statements made to Detective Crosby were admissible. We do not consider any error that occurred to warrant reversal. While the court could have stated its findings of fact and conclusions of law more clearly (see CPL 710.60, subds 4, 6), its failure to do so is not fatal; this court can make the necessary findings of fact where a fair and full hearing on the motion to suppress provides an adequate record (cf. *People v Massiah*, 47 AD2d 931; *People v Russo*, 45 AD2d 1040). Examining the testimony of the prosecution's witness and that of the defendant, we find that the People have proven beyond a doubt that defendant's initial statement to Detective Crosby on the day of his arrest was voluntarily made after the requisite warnings were given to the defendant. The statement defendant made later that day to Detective Crosby was also voluntarily made and, in any event, did not result from a police interrogation. Defendant's contention that he was entitled to a mistrial lacks merit since the testimony he complains of did not prejudice his right to a fair trial. We have examined defendant's other contentions and find them to be without merit. Martuscello, J. P., Titone, Rabin and Hawkins, JJ., concur.