■ In the Matter of MATTHEW O., A Person Alleged to be a Juvenile Delinquent, Appellant. — Appeals (1) from orders of the Family Court of Rensselaer County (Reeves, J.), entered November 30, 1981, which adjudicated respondent a juvenile delinquent, and (2) from orders of said court, entered November 30, 1981, which, *inter alia,* adjourned certain other petitions in contemplation of dismissal. In the early morning hours of June 14, 1980, a uniformed New York State trooper, Charles McCabe, investigated a report of criminal mischief in the Town of Brunswick, Rensselaer County. At the scene, Trooper McCabe spoke with respondent briefly and indicated at that time that an investigator would speak with respondent at a subsequent time. At approximately 10:00 A.M. that day, Investigator Wingate arrived at respondent's home. Respondent answered the door. According to Investigator Wingate, he asked for respondent's parents and was told that they were away and his grandmother was taking care of him. Respondent's grandmother then came to the door, the investigator identified himself, and explained the reason for his visit. The investigator and respondent proceeded into a downstairs room while the grandmother remained in another room. During the course of this interview, respondent made oral inculpatory statements concerning the criminal mischief incidents which had occurred during the early morning hours of that day. The investigator left respondent's home after being further informed by respondent of the name of another perpetrator of the incidents. After interviewing the alleged other perpetrator, Investigator Wingate returned to respondent's home the next day. Again, Investigator Wingate spoke with respondent in his home for some 20 minutes. At this time, respondent made further inculpatory statements, including statements concerning suspected arson incidents which occurred in 1978. The decisive issue upon appeal is whether Family Court correctly denied respondent's motion to suppress his inculpatory statements. We note initially that while Family Court could have stated its finding of fact in more detail, any deficiency is not fatal where the respondent received a full and fair hearing on his motion to suppress (see *People v Brady,* 16 NY2d 186; *People v Cruz,* 65 AD2d 558) particularly where, as here, respondent concedes that there is a sufficient record for this court to make any necessary findings. A review of the record reveals that Family Court's decision was well founded and proper, and, accordingly, should not be disturbed. Respondent's numerous arguments are not persuasive since they are based upon the assumption that respondent was subjected to "custodial interrogation". Considering all the circumstances surrounding the questioning of respondent, however, it cannot be said that respondent was in custody when he was questioned (see *People v Rodney P.,* 21 NY2d 1; *People v Mason,* 59 AD2d 580). As discussed above, respondent was questioned in his own home on two occasions concerning numerous incidents. Neither interview was longer than 30 minutes and respondent's grandmother was in the house during the entire period. The orders must be affirmed. Orders affirmed. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.