■ The People of the State of New York, Appellant, v Joseph Ferraiolo, Respondent. [765 NYS2d 709] —Lahtinen, J. Appeal from an order of the County Court of Ulster County (Bruhn, J.), entered May 22, 2003, which granted defendant's motion to suppress evidence.

Defendant was stopped by police officer Michael Jeter while operating his truck in the wrong direction on a one-way street in the Village of Ellenville, Ulster County. After approaching the truck, Jeter and another officer who had arrived at the scene detected various signs that defendant had consumed alcoholic beverages, including bloodshot eyes, an odor of alcohol on his breath and impaired speech. Defendant failed two of four field sobriety tests and, on an ensuing breathalyzer test, registered a blood alcohol level of 0.11%. He was subsequently indicted for the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and operating a motor vehicle while under the influence of alcohol as a felony. During the suppression hearing, Jeter testified that at the time that he stopped defendant he did not intend to issue him a ticket for going in the wrong direction on a one-way street. Based upon

such testimony, County Court concluded that there was no probable cause to stop defendant and, thus, suppressed all evidence obtained subsequent to the stop. The People appeal.

The decision by a police officer to stop a vehicle is reasonable when supported by probable cause that a traffic violation has occurred (*see People v Robinson,* 97 NY2d 341, 348-349 [2001]; *see also Whren v United States,* 517 US 806 [1996]). The officer's subjective intentions at the time of the traffic stop " 'play no role in ordinary, probable-cause Fourth Amendment analysis' " (*People v Robinson, supra* at 349, quoting *Whren v United States, supra,* at 813). Here, Jeter testified that he observed defendant driving a truck in the wrong direction on a one-way street. Such observation clearly constituted probable cause that a traffic violation had occurred. The fact that Jeter did not intend to issue defendant a ticket for that violation does not render the stop unlawful (*see People v Henix,* 59 AD2d 593, 594 [1977]). We thus conclude that County Court erred in holding that the officer's subjective intention fatally undermined the probable cause for the stop, which rested upon an observed violation.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this Court's decision.