■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KEARNEY, Appellant. [787 NYS2d 913]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered August 4, 2003, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

On August 19, 2002, at approximately 4:50 A.M., a police officer on routine patrol in the Town of Bethel, Sullivan County, observed defendant's vehicle operating without a right front turn signal/marker light. After stopping the vehicle and approaching the truck, the officer detected various signs that defendant had consumed alcoholic beverages, including bloodshot eyes and an odor of alcohol on his breath. Based upon his observations, defendant's failure to pass sobriety tests and his admission that he drank two beers, the officer arrested defendant for driving while intoxicated (hereinafter DWI).

Defendant was ultimately indicted for DWI and operating without turn signal marker lights. He moved to suppress the evidence on the ground that there was no probable cause for stopping his vehicle. Following a probable cause hearing, County Court denied the motion. Defendant thereafter pleaded guilty to DWI and was sentenced to a three-year conditional discharge and fined $500. He now appeals.

Initially, given that defendant did not move to withdraw the plea or vacate the judgment of conviction, he is precluded from challenging the voluntariness of the plea (*see People v Mahar*, 12 AD3d 715, 715-716 [2004]; *People v Hughes*, 3 AD3d 736, 736 [2004]). Even if we were to consider it, the record belies defendant's assertion that he was forced into entering into the plea. County Court thoroughly explained to defendant all of the

rights affected by a plea of guilty. Defendant responded that he understood and stated that he was not forced, threatened or coerced into entering a plea. He then admitted all of the elements of the crime charged. Under these circumstances, we find that the plea was knowingly, voluntarily and intelligently entered (*see People v Willis*, 3 AD3d 793, 793-794 [2004], *lv denied* 2 NY3d 766 [2004]).

We must reject defendant's contention that County Court erred in denying his suppression motion. County Court credited the officer's testimony that he stopped the vehicle because of the turn signal infraction and concluded that the stop was justified. The court refused to suppress the intoxication evidence and there is no basis in this record to disturb that determination. We also reject defendant's contention that the officer arrested him in response to a previous encounter between the two men. Provided a traffic stop is supported by probable cause, "neither the primary motivation of the officer nor a determination of what a reasonable traffic officer would have done under the circumstances is relevant" (*People v Robinson*, 97 NY2d 341, 349 [2001]; *see People v Ferraiolo*, 309 AD2d 981, 982 [2003]). We have considered defendant's remaining claim that he was denied the effective assistance of counsel, and find it to be unpreserved for our review. Nevertheless, were we to address it, we would find it to be without merit (*see People v Donaldson*, 1 AD3d 800, 801 [2003], *lv denied* 2 NY3d 739 [2004]).

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.