The trial court in this case granted Hargett's motion to suppress. The majority holds that the case must be remanded for the trial court to make specific written findings of fact and conclusions of law and to clarify the basis for its ruling. I disagree; the record contains sufficient support for the trial court's ruling. The order granting the motion to suppress should be affirmed.
The majority sets out much of the relevant caselaw, noting that when evidence is presented to the trial court ore tenus, the court's findings of fact are presumed correct and we make all reasonable inferences supportive of the trial court's ruling. I agree with the majority's determination that the testimony of the sole witness was internally inconsistent and that the trial court's determination regarding the legality of stop required the court to make a credibility choice. The majority then notes that this Court would typically resolve credibility choices in favor of the trial court as to the issue of the legality of the stop, but holds that it cannot do so in this case because it is unclear whether the trial court suppressed the evidence because the stop was invalid or because the search was illegal.
As the majority notes, no rule or statute requires trial courts to set forth fact findings when ruling on a motion to suppress. In fact, trial courts routinely rule on motions to suppress without making any specific findings of fact. For example, inEggers v. State, 914 So.2d 883, 900 (Ala.Crim.App. 2004), we stated:
 "Although the trial court did not issue any findings of fact when denying Eggers's motion to suppress and, thus, we do not know the reason for the trial court's ruling, it would not have been an abuse of discretion for the trial court to find, based on the above testimony of Agent Maldonado, that Eggers did not invoke his right to counsel while in the patrol car."
In State v. Mitchell, 722 So.2d 814, 822 (Ala.Crim.App. 1998), we stated:
 "Although the trial court did not make specific findings of fact in support of its decision to grant the motion to suppress, we can infer from the record that the motion was granted because of the discrepancy between the testimony of Officer Tilley and the information contained in his report and the affidavit prepared by Investigator Greene regarding where the cocaine was located at the time of the search."
In Kaercher v. State, 554 So.2d 1143, 1150 (Ala.Crim.App. 1989), we stated:
 "If the trial court makes findings of fact, which is the better practice, the appellate court is required to accept them unless they are clearly erroneous. United States v. Gunn, 428 F.2d 1057 (5th Cir. 1970); Simmons v. State, 428 So.2d 218 (Ala.Cr.App. 1983). However, if findings are not made, as in the case here, the appellate court will uphold the ruling of the trial court if there is any reasonable view of the evidence in the record to support the ruling. United States v. Montos, 421 F.2d 215 (5th Cir. 1970); People v. Massiah, 47 A.D.2d 931, 367 N.Y.S.2d 73 (1975); Green v. *Page 1206 Commonwealth, 223 Va. 706, 292 S.E.2d 605 (1982); 4 W. LaFave, [Search and Seizure] § 11.2(e) [(2d ed. 1987)]; 1 W. Ringel, Searches Seizures, Arrests and Confessions § 20.6 (1988). We recognize that appellate courts often remand cases for findings of fact when they cannot determine from the record the basis of the trial court's decision. See, e.g., United States v. Greely, 425 F.2d 592 (D.C. Cir. 1970); People v. Burke, 60 A.D.2d 959, 401 N.Y.S.2d 887 (1978). However, here, even though we have been critical of the manner in which this issue has been presented, we find the record sufficient for us to properly review the ruling of the trial court. We note that, in the instant case, there is no conflict in the evidence. This case is not one of those cases where a defendant failed, or was denied the opportunity, to present evidence at the trial level on important issues. See, e.g., Combs v. United States, 408 U.S. 224 (1972); United States v. Hansen, 652 F.2d 1374 (10th Cir. 1981)."
This case is no different from the foregoing cases, and the ruling on the motion to suppress can be, and should be, reviewed. Appellate review is not hampered here by the court's failure to enter written findings. "If the trial court's ruling on a suppression motion is correct for any reason it should not be reversed. Loggins v. State, 771 So.2d 1070, 1078 (Ala.Crim.App. 1999), aff'd, 771 So.2d 1093 (Ala. 2000)." State v. Strong,886 So.2d 900, 900 (Ala.Crim.App. 2004) (Shaw, J., concurring in the result, joined by Cobb, J.). In fact, I believe that a remand here gives the State "another bite at the apple" when, in fact, review of the proceedings now supports an affirmance.
"We note that the trial judge, as the finder of fact, determined the credibility of the witnesses. The trial court's determination regarding credibility of witnesses is entitled to great weight on appeal. Calhoun v. State, 460 So.2d 268
(Ala.Crim.App. 1984)." Dixon v. State, 588 So.2d 903, 907
(Ala. 1991). "Even where the matter rests upon the testimony of only one witness, the trier of fact is free to accept or reject the witness's statements. Where inferences to be drawn from the evidence are susceptible to more than one rational conclusion, the decision is for the factfinder." State v. Ivey,709 So.2d 502, 505 (Ala.Crim.App. 1997).
The record before us indicates that the trial court questioned the credibility and veracity of Officer Ware. The court stated, "I'm trying to figure out whether this is a real matter or whether it was a pretext to a search to start off with. That's my concern. You know, 11 o'clock at night you see seat belts from six car lengths away, or lack of." (R. 25.) The court later stated that the stop was "highly suspicious" based on the distance between the officer and Hargett, but acknowledged that the officer testified under oath that he had observed that Hargett was not wearing a seat belt. (R. 28.) The court and the parties also discussed whether Hargett voluntarily spit out the plastic bag or whether he had been ordered to do so. The court then took the matter under consideration and later entered a written order granting the motion to suppress.
Clearly, the trial court did not believe that the officer was testifying truthfully, and that was a credibility question for the trial court to make. Giving due deference to the trial court's determination of credibility, I would uphold the trial court's ruling on the motion to suppress. Based on the officer's questionable testimony, the trial court could have correctly determined *Page 1207 
that the stop and search were illegal. Accordingly, I dissent.