WELCH, Judge,
dissenting.
On appeal from his murder conviction, Brent Cody Brown argues that the trial court erred when it denied the defense’s motion to suppress his inculpatory statements on grounds that the statements were involuntary. The majority affirms, and I disagree. There is no dispute that the district attorney told Brandon Little, one of Brown’s attorneys, that the district attorney’s office would not seek the death penalty if Brown gave a true and accurate statement, and that Brown gave his statement to the police after the promise was made. Brown’s statements were the result of an improper inducement, and his statements were therefore involuntary. Because I believe that the trial court should have granted Brown’s motion to suppress, I respectfully dissent.
The majority has included a correct statement of the relevant rules of law, one of which is that a confession, or any incul-patory statement, is involuntary if it is induced through an express or implied promise of leniency. See Bram v. United States, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897). “A trial court’s ultimate legal conclusion on a motion to suppress based on a given set of facts is a question of law that is reviewed de novo on appeal. See State v. Smith, 785 So.2d 1169 (Ala.Crim.App.2000).” State v. Hargett, 935 So.2d 1200, 1204 (Ala.Crim.App.2005). A de novo review of the trial court’s legal conclusion based on the evidence presented in this case leads me to conclude that the district attorney’s promise not to seek the death penalty if Brown gave a true statement was tantamount to an offer to save Brown’s life in exchange for a statement. The coercive impact of such a promise of leniency rendered Brown’s subsequent statements involuntary. Is not the preservation of one’s own life of paramount importance to a man? Can it be doubted *744 that á man’s desire not to have his life taken by the state would overbear any other consideration or reason he might have to remain silent when faced with the decision of whether to give a statement?
Although I acknowledge that Brown was represented by counsel even when he gave the initial statement following the direct promise from the district attorney, that does not preclude a finding that Brown’s will was overborne by the promise of leniency. In fact, it is significant that Brown’s attorney signed Brown’s Miranda waiver as a witness and it was the counsel who apparently conveyed the prosecutor’s direct promise of leniency to Brown. The facts are that the district attorney made the improper inducement and that Brown’s statement was made as a result of that improper inducement.
The majority states that the evidence from the suppression hearing revealed that the sheriffs investigator who interrogated Brown did not coerce Brown based on a promise of leniency. That point is irrelevant. Before Brown was questioned, the direct promise of leniency had already been communicated by the district attorney to Brown. That there is no explicit evidence that the investigator did not reiterate to Brown the promise that his life would be spared if he gave a statement does not support the trial court’s ruling or the majority’s affirmance of that ruling.
The State failed to meet its burden of showing that Brown’s statement was voluntary and not the product of the district attorney’s promise to spare Brown from the possible imposition of the death penalty. Rather, the prosecutor stipulated at the hearing on the motion to suppress that the district attorney had made a direct promise of leniency to Brown’s attorney before Brown made the first of two incul-patory statements. The State illegally induced Brown’s confession, and the trial court erred when it denied the motion to suppress.
For the foregoing reasons, I respectfully dissent.